Exhibit C

**Lieff
Cabraser
Heimann &
Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

January 10, 2014

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Michael DeCesare, President
McAfee, Inc.
2821 Mission College Blvd.
Santa Clara, CA 95054

Registered Agent for Service of Process
CT Corporation System
818 West Seventh Street
Los Angeles, CA 90017

Re:   Notice of Violation of California Consumer Legal Remedies Act

Dear Mr. DeCesare:

      We represent Sam Wiliamson, a consumer who purchased a subscription to McAfee Inc.'s ("McAfee") anti-virus software and had his subscription automatically-renewed by McAfee pursuant to McAfee's automatic renewal ("Auto-Renewal") program. We send this letter under the California Consumers Legal Remedies Act, California Civil Code Section 1750 *et seq.* ("CLRA"), to notify McAfee that the following practices violate the CLRA: (a) McAfee's practice of promising Auto-Renewal customers that, when their subscriptions are automatically renewed pursuant to the Auto-Renewal program, they will be charged a price that is no greater than the normal, then-current price that McAfee charges other customers for the same products, when in fact McAfee routinely charges Auto-Renewal customers prices that are higher than the normal, then-current prices that McAfee charges other customers for the same products; and (b) McAfee's practice of falsely advertising McAfee software products as being discounted from expressly-referenced false former or "regular" prices. We demand that McAfee rectify its violations within 30 days of receipt of this letter.

      McAfee misrepresents to consumers that, under McAfee's Auto-Renewal program, customers who have their subscriptions automatically renewed will be charged a price that is no higher than the normal, then-current price that McAfee charges other customers for the same products. These representations are made in McAfee's form Consumer Products End User License Agreement and are pervasive on McAfee's website and elsewhere. In fact, McAfee routinely charges Auto-Renewal customers prices that are significantly higher than the normal, then-current prices that McAfee charges other customers for the same products, directly contrary to McAfee's representations and promises. McAfee similarly fails to disclose to consumers the true nature of Auto-Renewal pricing.

January 10, 2014
Page 2

McAfee also pervasively and falsely advertises its software products as being discounted from expressly-referenced false former or "regular" prices. Consumers who purchase or manually renew McAfee software subscriptions via McAfee's website or through their McAfee software are routinely shown two prices by McAfee: (a) the actual selling price for the software; and (b) a purported former or "regular" selling price for the software, together with a representation that the customer will supposedly "save" money (expressed as the difference between the selling price and the represented former price) by purchasing at that time. In fact, the purported discounts that McAfee represents to these customers are false because the referenced former prices are fabricated and fail to represent McAfee's true regular or former prices for the products in question.

On or about October 8, 2011, Sam Williamson purchased a one-year subscription to McAfee AntiVirus Plus. Having previously signed up for a 60-day "free trial" subscription to AntiVirus Plus, Mr. Williamson made his one-year subscription purchase through his McAfee software after following a series of prompts that he received from McAfee aggressively prodding him to purchase a paid subscription. McAfee falsely represented to Mr. Williamson, at multiple points during this process, that by paying the sales price of $29.99 for a one-year subscription to McAfee AntiVirus Plus, he would be "saving" $20.00 from McAfee's purported regular selling price of $49.99. Although McAfee represented to Mr. Williamson that the $29.99 price that he paid for his subscription represented a $20.00 discount from McAfee's regular selling price of $49.99, on information and belief, for months prior to Mr. Williamson's October 2011 subscription purchase, McAfee consistently offered a one-year subscription to McAfee AntiVirus Plus at a price lower than $49.99.

When Mr. Williamson made his October 2011 subscription purchase, he was enrolled by McAfee in the Auto-Renewal program. McAfee promised Mr. Williamson that when his subscription was automatically renewed pursuant to the Auto-Renewal program, McAfee would charge Mr. Williamson a price no higher than the normal, then-current price that McAfee charged other customers for the same product. On or about November 7, 2012, Mr. Williamson had his McAfee AntiVirus Plus subscription automatically renewed by McAfee for an additional one-year period. He was charged a price of $49.99, even though the normal, then-current price that McAfee charged all other customers (other than Auto-Renewal customers) for AntiVirus Plus was only $34.95. In fact, with the exception of one approximately 13-day period, McAfee's selling price for a one-year subscription to McAfee AntiVirus Plus was consistently less than $49.99 for at least eight months prior to the automatic renewal of Mr. Williamson's subscription in November 2012.

McAfee's material misrepresentations, active concealments, and failures to disclose violated the CLRA in the following manner:

1. McAfee misrepresented that McAfee Software and the Auto-Renewal program had characteristics, benefits, or uses that they did not have (California Civil Code § 1770(a)(5));

January 10, 2014
Page 3

    2.    McAfee advertised McAfee Software and the Auto-Renewal program with an intent not to sell them as advertised (California Civil Code § 1770(a)(9));

    3.    McAfee made false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions (California Civil Code § 1770(a)(13))

    4.    McAfee misrepresented that McAfee Software and the Auto-Renewal program conferred or involved rights, remedies, or obligations that they did not have (California Civil Code § 1770(a)(14));

    5.    McAfee misrepresented McAfee Software and the Auto-Renewal program were supplied in accordance with previous representations when they were not (California Civil Code § 1770(a)(16));

    6.    McAfee inserted unconscionable provisions in the Consumer Agreement, including the choice-of-law provision (California Civil Code § 1770(a)(19))

We demand that within thirty (30) days of receiving this letter, McAfee agree to: (1) refrain from engaging in the deceptive practices described above at any time in the future; and (2) compensate all McAfee customers who have been harmed by these practices. If McAfee fails to comply with this demand within thirty (30) days after its receipt of this letter, then pursuant to the CLRA we intend to seek from McAfee compensatory and punitive damages, restitution and any other appropriate equitable relief.

If you have any questions regarding this notice and demand, feel free to contact me at (415) 956-1000 or rheller@lchb.com. I look forward to hearing from you.

Very truly yours,

Roger N. Heller

1147670.2