Tina Wolfson (State Bar No. 174806)
*twolfson@ahdootwolfson.com*
Robert Ahdoot (State Bar No. 172098)
*rahdoot@ahdootwolfson.com*
Theodore W. Maya (State Bar No. 223242)
*tmaya@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069
Telephone:    (310) 474-9111
Facsimile:    (310) 474-8585

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM WILLIAMSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>MCAFEE, INC.,<br><br>    Defendant. | Case No.  5:14-cv-00158-EJD<br><br>**DECLARATION OF TINA WOLFSON IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br><br>Date:  August 18, 2016<br>Time: 10:00 a.m.<br>Honorable Edward J. Davila |
| SAMANTHA KIRBY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>MCAFEE, INC.,<br><br>    Defendant. | Case No.  5:14-cv-02475-EJD |

## DECLARATION OF TINA WOLFSON

I, Tina Wolfson, pursuant to 28 U.S.C. §1746, declare as follows:

1. I am a founding member of Ahdoot & Wolfson, PC ("AW") and attorneys for Plaintiff Samantha Kirby and the Class in this case. I submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Settlement. The facts herein stated are true of my own personal knowledge and if called to testify to such facts, I could and would do so competently.

2. In March 1998, Robert Ahdoot and I founded AW, which has grown into a top tier law firm specializing in advocating consumer and employee rights. Our attorneys vigorously litigate against large corporations to vindicate the rights of millions of consumers or employees in protracted, complex litigation, to successful results.

3. AW has been appointed class counsel in numerous class actions, and, as founding members, Mr. Ahdoot and I have obtained extensive experience in prosecuting complex class action and representative lawsuits. We have served as plaintiffs' counsel/co-counsel or class counsel and litigated numerous class actions or representative actions against large corporate defendants involving varied consumer rights claims.

4. I attended and graduated Harvard Law School *cum laude* in 1994. I began my civil litigation career at the Los Angeles office of Morrison & Foerster, LLP, where I defended major corporations in complex actions and represented indigent individuals in immigration and deportation trials as part of the firm's *pro bono* practice. I then gained further invaluable litigation and trial experience at a boutique firm, focusing on representing plaintiffs on a contingency basis in civil rights and employee rights cases.

5. Mr. Ahdoot graduated from Pepperdine Law School *cum laude* in 1994 where he served as literary editor of the Pepperdine Law Review. He clerked for the Honorable Paul Flynn at the California Court of Appeals, and then began my career as a civil litigator at the Los Angeles office of Mendes & Mount, LLP, where he defended large corporations and syndicates such as Lloyds of London in complex environmental and construction-related litigation as well as

a variety of other matters.

6. Theodore Maya is an attorney at AW working on this matter. He graduated from UCLA Law School in 2002 after serving as Editor-in-Chief of the UCLA Law Review. From July 2003 to August 2004, Mr. Maya served as Law Clerk to the Honorable Gary Allen Feess in the United States District Court for the Central District of California. Mr. Maya was also a litigation associate in the Los Angeles offices of Kaye Scholer LLP for approximately eight years where he worked on a large variety of complex commercial litigations from inception through trial. Mr. Maya was named "Advocate of the Year" for 2007 by the Consumer Law Project of Public Counsel for successful pro bono representation of a victim of a large-scale equity fraud ring.

7. AW has been appointed lead counsel in numerous complex consumer class actions, sometimes in contested leadership applications. The following actions are some examples of recently resolved or pending class actions which AW has litigated or is currently litigating on behalf its clients:

- *In re Experian Data Breach Litigation*, Case No. 8:15-cv-01592-AG-DFM (C.D. Cal.) (appointed co-lead counsel after contested application and hearing in consolidated litigation consisting of thirty-eight class actions).
- *In re: Kind LLC "All Natural" Litig.*, No. 1:15-md-02645-WHP (S.D.N.Y.) (appointed lead by MDL Court after contested hearing).
- *In Re: U.S. Office of Personnel Management Data Security Breach Litigation*, No. 1:15-mc-01394-ABJ (D.D.C.) (currently serving, by court appointment, on MDL Plaintiffs' Steering Committee after contested Leadership Application and hearing).
- *In re: Premera Blue Cross Customer Data Sec. Breach Litig.*, Case No. 15-md-02633-SI (D. Or.) (currently serving, by court appointment, on the Executive Leadership Committee).
- *Philliben, et al. v. Uber Technologies, et al.*, Case No. 3:14-cv-05615-JST

- 2 -

(N.D. Cal.) (AW, as interim co-lead counsel, entered into a $28.5 Million settlement on behalf of all Uber riders).

- *In re Uber FCRA Litig.*, Case No. 3:14-cv-05241-EMC (N.D. Cal.). (AW, as interim co-lead counsel by appointment of Judge Edward Chen, defeated the defendants' motion to compel arbitration, and won a motion to compel the defendant to disseminate clearer notices and easier opt-out procedures with respect to its newly revised arbitration agreement; AW is defending both decisions on appeal in the Ninth Circuit; this case was recently resolved in a settlement worth a minimum cash value of $7.4 Million).

- *In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, Case No. 1:14-md-02583-TWT (N.D. Ga.) (currently serving, by court appointment, on the Consumer Plaintiffs' Steering Committee).

- *In re: Target Corporation Customer Data Security Breach Litigation*, Case No. 14-md-2522 (D. Minn.) (AW contributed considerable effort to vetting hundreds of potential class representatives, legal research involving the different state laws in play, the consolidated complaint, and significant discovery efforts).

- *Remijas, et al. v. Neiman Marcus Group, LLC*, Case No. 14-cv-1735 (N.D. Ill.) (AW, as co-lead counsel, was responsible for briefing and arguing the groundbreaking appeal from the trial court's order in, which granted the motion to dismiss on the pleadings based on lack of Article III standing. The Seventh Circuit's landmark opinion was its first to address the Supreme Court's decision in *Clapper v. Amnesty Intern. USA*, 133 S. Ct. 1138 (2013). The *Neiman Marcus* opinion was the first appellate court to reject this view of *Clapper* and, adopting the plaintiff's reasoning, established, among other things, that data breach victims have standing to pursue claims based on the increased risk of identity theft and fraud, even

before that theft or fraud materializes. *Remijas v. Neiman Marcus*, Case No. 14-3122 (7th Cir. July 20, 2015) (reversed and remanded).

- *Pappas v. Naked Juice Co. of Glendora, Inc.*, Case No. 2:11-cv-8276-JAK-PLA (C.D. Cal.) (appointed co-lead counsel after contested application; resulted in the second largest food false advertising case ever ($9 Million fund)).

- *In Re: Hain Celestial Seasonings Products Consumer Litigation*, Case No. 13-cv-01757-AG-AN (C.D. Cal.) (appointed co-lead counsel after contested application).

- *In re: Whole Foods Market, Inc., Greek Yogurt Marketing and Sales Practices Litigation*, Case No. 1:14-MC-02588-SS (W.D. Tex.) (appointed co-lead counsel by the MDL court).

- *Lavinsky vs. City of Los Angeles,* Case No. BC542245 (LASC) (challenging allegedly illegal utilities taxation practices; appointed Class Counsel after certifying the Class and prevailing on Motion for Summary Adjudication).

- *Chimeno-Buzzi v. Hollister Co, et al.,* Case No. 1:14-cv-23120-MGC (S.D. Fla.) (class counsel in $10 Million nationwide settlement arising from violations of the TCPA, preliminary approval pending).

- *Trammell v. Barbara's Bakery, Inc.*, Case No. 3:12-cv-02664-CRB (N.D. Cal.) ($4 Million nationwide settlement of food false advertising case).

- *Cassidy v. Reebok International Ltd.*, Case No. 2:10-cv-09966-AHM (C.D. Cal.) ($25 Million nationwide settlement of apparel false advertising case).

- *Carey v. New Balance Athletic Shoe, Inc.*, Case Nos. 1:11-cv-10632-LTS & 1:11-cv-10001-LTS (D. Mass.) ($3.7 Million nationwide settlement of apparel false advertising case).

- *West v. ExamSoft Worldwide Inc.*, Case No. 14-cv-22950-UU (S.D. Fla.)

($2 Million nationwide settlement preliminarily approved arising from software error on bar exam).

- *Mirto v. AIG/Granite State Insurance Co. et al.*, Case No. HG 04180408 (Cal. Super. Ct., Alameda Cty.) ($3 Million California settlement re insurance discriminatory pricing).

- *Axen v. Ginco International, et al.*, Case No. 427033 (Cal. Super. Ct., San Francisco Cty. ("SFSC") (injunctive relief settlement re pesticides in Ginseng products).

- *Citizens for Responsible Business v. Rite Aid Corporation, et al.*, Case No. 414831 (SFSC) (prosecuted claims of false and illegal labeling in the herbal supplement industry against 107 retailers and manufacturers, who were gleaning millions of dollars from this nationwide practice; AW was successful in completely eradicating the alleged illegal practice in the United States).

- *Feliciano v. General Motors LLC*, Case No. 14-cv-06374-AT (S.D.N.Y.) (product defect regarding Chevy Cruze vehicles).

- *Brown v. BMW of North America, LLC*, Case No. 3:14-cv-00950-JLS-BLM (S.D. Cal.) (product defect regarding MINI Cooper vehicles; nationwide settlement for all valid claims, uncapped).

- *Weiss v. Los Angeles*, No. BC 141354 (LASC) (challenging the defendant's review of parking violations, won *writ of mandate* trial to stop the allegedly illegal practice).

- *A.Y. v. The Regents of the University of California*, Case No. BC590344 (Cal. Super. Ct., Los Angeles Cty. ("LASC")).

- *Bishop v. Shorter University, Inc.*, Case No. 4:15-cv-00033-HLM (N.D. Ga.).

- *Antman v. Uber Technologies, Inc.*, Case No. 3:15-cv-01175-LB (N.D.

Cal.).

- *Abad v. Lumber Liquidators, Inc.*, Case No. 2:15-cv-03795-MMM-JPR (C.D. Cal.).
- *Whalen v. Michael Stores Inc.*, No. 2:14-cv-07006-JS-ARL (E.D.N.Y.).
- *Wood v. American Eagle Outfitters, Inc.*, Case No. 1:15-cv-02370-VEC (S.D.N.Y.).
- *Zadeh v. Chase Manhattan Bank, et al.*, Case No. 323715 (SFSC).
- *Steinhaus v. American Express Travel Related Services Co. et al.*, Case No. 416248 (SFSC).
- *Bernard v. MBNA America Bank, et al.*, Case No. 408700 (SFSC).
- *Shakib v. Discover Bank, et al.*, Case No. 416194 (SFSC).
- *Baumsteiger v. FleetBoston, et al.*, Case No. 408698 (SFSC).
- *Lanchester v. Washington Mutual Bank, et al.*, Case No. 429754 (SFSC).
- *Whitaker v. Health Net*, Case No. 2:11-cv-00910-KJM (E.D. Cal.) (appointed to the Executive Committee in the consolidated action).
- *Sutter Medical Information Cases*, Case No. JCCP 4698 (Cal. Super. Ct., Sacramento Cty.) (appointed to the Executive Committee in the consolidated action).

8. AW has been prosecuting cutting edge cases on behalf of consumer classes since the late 1990's. They were among the first group of attorneys who successfully litigated the privacy rights of millions of consumers against major financial institutions—including Chase Manhattan Bank, American Express, MBNA America Bank, Discover Bank, FleetBoston, and Washington Mutual Bank—where the plaintiffs alleged that the defendants used their personal information to compile detailed financial dossiers to use for internal marketing purposes and to sell them to third party telemarketers, without their consent. As lead counsel in these privacy class actions, AW brought the consumer claims to successful conclusion on a class-wide basis, conferring millions of dollars of benefits to consumers. The business practices that her clients

- 6 -

NOTICE OF MOT. AND MOT. FOR PRELIMINARY
APPROVAL OF CLASS SETTLEMENT; MPA
CASE NOS. 5:14-CV-00158-EJD; 5:14-CV-02475-EJD

challenged in these cases later became the subject of Graham Leach Bliley Act regulation. At the time AW was litigating and successfully resolving these cases, however, they were new territory.

9. In *Citizens for Responsible Business v. Rite Aid Corporation, et al.* (L.A. Super. Ct. (San Francisco Cty.), Case No. 414831), AW prosecuted claims of false and illegal labeling in the herbal supplement industry against 107 retailers and manufacturers, including the Rite Aid Corporation, Wal-Mart Stores, Safeway, The Vons Companies, General Nutrition Corporation, Trader Joe's Company, Wild Oats Markets, Ralphs Grocery Company, The Kroger Company, Sav-On Drugs Stores, Albertson's, Walgreen Company, Stater Bros. Markets, Longs Drug Stores, Bally's Total Fitness Corporation, Whole Foods Market, and Target Corporation, who were gleaning millions of dollars from this nationwide practice. AW was successful in completely eradicating the alleged illegal practice in the United States.

10. I am currently serving, by court appointment, as Co-Lead Counsel in the MDL action entitled *In re: Experian Data Breach Litigation*, Case No. 8:15-cv-01592-AG-DFM (C.D. Cal.) (Judge Guilford presiding). AW also is serving, by court appointment, as Lead Counsel in the consolidated actions entitled *In re: YapStone Data Breach*, Case No. 4:15-cv-04429-JSW (N.D. Cal.) (Judge White presiding).

11. I also am currently serving, by court appointment, on the Consumer Plaintiffs' Steering Committee in the MDL action entitled *In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, Case No. 1:14-md-02583-TWT (N.D. Ga.) (Judge Thrash presiding). I also am serving, by court appointment, on the Plaintiffs' Executive Leadership Committee in the current MDL action entitled *In re: Premera Blue Cross Customer Data Security Breach Litigation*, Case No. 3:15-md-02633-SI (D. Or.) (Judge Simon presiding). I also am serving, by court appointment, on the Plaintiffs' Steering Committee in the current MDL action entitled *In re: U.S. Office of Personnel Management Data Security Breach Litigation*, Case No. 1:15-cv-01394-ABJ (D.D.C.) (Judge Jackson presiding).

12. AW also was instrumental to the consumer plaintiffs' efforts in the Target data breach litigation. *In re: Target Corporation Customer Data Security Breach Litigation*, Case No.

- 7 -

NOTICE OF MOT. AND MOT. FOR PRELIMINARY
APPROVAL OF CLASS SETTLEMENT; MPA
CASE NOS. 5:14-CV-00158-EJD; 5:14-CV-02475-EJD

14-md-2522 (D. Minn.).  AW contributed considerable effort to vetting hundreds of potential class representatives, legal research involving the different state laws in play, the consolidated complaint, and significant discovery efforts.  AW has also prosecuted medical privacy class actions on behalf of victims of data breaches under the California Confidentiality of Medical Information Act (*CMIA*).  For example, AW was a member of the Executive Committee in the consolidated actions entitled *Whitaker v. Health Net*, Case No. 2:11-cv-00910-KJM (E.D. Cal.), and in the *Sutter Medical Information Cases*, Case No. JCCP 4698 (Cal. Super. Ct., Sacramento Cty.).

13.   AW has been appointed lead counsel in numerous other complex consumer class actions, sometimes in contested leadership applications.  I am serving, by court appointment, as Co-Lead Counsel in the MDL action entitled *In re: Kind LLC "All Natural" Litigation*, No. 1:15-md-02645-WHP (S.D.N.Y.) (Judge Pauley presiding).  I also am serving, by court appointment, as Co-Lead Counsel in the MDL action entitled *In re: Whole Foods Market, Inc., Greek Yogurt Marketing and Sales Practices Litigation*, Case No. 1:14-mc-02588-SS (W.D. Tex.) (Judge Sparks presiding).

14.   I serve as a co-chair of the Federal Torts Section of the Federal Bar Association.  I co-authored an article discussing developments in enforcement of arbitration agreements.  Tina Wolfson & Bradley King, *Even After* Concepcion *and* Italian Colors*, Some Arbitration Agreements Are Not Enforceable*, FED. LAWYER, Jan./Feb. 2015, at 19.   I also am an active member of the California Bar Privacy Law Subcommittee.  Additionally, Mr. Ahdoot and I frequently lecture on numerous topics related to class action litigation across the country.

15.   Throughout the pendency of this case, the attorneys at AW have maintained regular contact with Plaintiff Kirby to discuss with her the prosecution of the case.  The communications and exchanges with Plaintiff Kirby occurred from the initial investigation stage throughout the commencement of the litigation, during its prosecution, and the subsequent mediation.  She was and continues to be, focused on the advancement of the interests and claims of the Class over her own interests and she have always been concerned about obtaining a result

that was best for the Class.

16. Throughout the settlement process, I and my colleagues at AW carefully weighed with Plaintiff Kirby: (1) the benefits to Plaintiffs and the Class Members under the terms of this Settlement Agreement, which provides significant relief to the Class Members; (2) the relative damages which might have been sustained by the class and the difficulty in calculating those damages; (3) the attendant risks and uncertainty of litigation, as well as the difficulties and delays inherent in such litigation including the challenges to class certification; (4) Defendant's vigorous defense of the litigation and continued denial of the claims contained in the Complaint; (5) the desirability of consummating the present Settlement Agreement, to ensure that the Class Members received a fair and reasonable Settlement, without unduly punishing the company; and (6) providing Plaintiffs and Class Members prompt relief.

17. In the Settlement Agreement, the parties agreed to a settlement of this action that would involve the certification, for settlement purposes only, of nationwide classes of consumers described with greater particularity in the Settlement Agreement. The Settlement Agreement is subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the settlement, which, if approved, will result in final certification of the classes and dismissal of the action with prejudice. It is my opinion that the settlement achieves a result that is fair, reasonable, and adequate.

18. In particular, it is my opinion that the present Settlement Agreement provides significant monetary and other benefits to Class Members that are rationally based upon the nature of the claims, the relief sought, and the amount of alleged harm suffered by Class Members by virtue of the Defendant's alleged misconduct. In addition, the Settlement Agreement contemplates a streamlined cash election process and simplified cash election form specifically designed to make it convenient for members of the Auto-Renewal Class to file cash election forms. The notice program outlined by the Settlement Agreement makes every effort to ensure Class Members are made aware of the benefits and their rights. The Settlement Agreement also minimizes any inconvenience Class Members may suffer in submitting cash

elections by allowing for the electronic submission of cash elections through an on-line website.

19. For the above reasons, it is my considered opinion as a seasoned and experienced class action litigator that the terms of the proposed Settlement Agreement in this case are more than fair, reasonable, and adequate and should be approved by this Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of July, 2016 at West Hollywood, California.

/s/ T. Wolfson
Tina Wolfson

- 10 -

NOTICE OF MOT. AND MOT. FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT; MPA
CASE NOS. 5:14-CV-00158-EJD; 5:14-CV-02475-EJD