UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM WILLIAMSON, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MCAFEE, INC.,<br><br>　　　　　Defendant. | Case No.  5:14-cv-00158-EJD<br><br>**DECLARATION OF STEVEN WEISBROT**<br><br>Date:  August 18, 2016<br>Time: 10:00 a.m.<br>Honorable Edward J. Davila |
| SAMANTHA KIRBY, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MCAFEE, INC.,<br><br>　　　　　Defendant. | Case No.  5:14-cv-02475-EJD |

I, Steven Weisbrot, hereby declare as follows:

1.     I submit this declaration for the purpose of providing the Court with information regarding the qualifications of Angeion Group to administer the settlement of the above captioned matter.

2.     I am an Executive Vice President of Notice & Strategy, at the class action notice and claims administration firm, Angeion Group, LLC ("Angeion").  Prior to joining Angeion's executive team, I was employed as Director of Class Action services at Kurtzman Carson Consultants, a nationally recognized class action notice and settlement administrator.  I have been responsible in whole or in part for the design and implementation of hundreds of class action administration plans and have taught Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Class Action Notice Programs, as well as Class Action Claims Administration, generally. Additionally, I am the author of numerous articles on Class Action Notice, Claims Administration, Using Internet Notice in Reaching Unknown Class Members and Notice Design, in publications such as Bloomberg, BNA Class Action Litigation Report, Law360, The American Bar Association's Class Action Newsletter, and various law firm blogs.    In administering the settlement in this matter, I and my staff will draw from our in-depth class action notice and claims administration case experience as well as our work in related fields.

3.     Angeion Group is a class action notice and claims administration company formed by a team of executives with more than 65 combined years of experience implementing claims administration and notice solutions for class action settlements and judgments. With executives that have had extensive tenures at five other nationally recognized claims administration companies, collectively, the management team at Angeion has overseen more than 2,000 class action settlements and distributed over $10 billion to class members.  The Executive Profiles as well as our Company Overview are attached hereto as Exhibit A.

4.     Angeion has administered numerous class action settlements involving many millions of class members. A representative list of the settlements administered by Angeion is attached hereto as Exhibit B and can also be located at http://www.angeiongroup.com/cases.htm.  During the course of the administration of the settlements referenced above, Angeion has securely received, processed and captured data from defendants and other third and first party sources.  Angeion has

analyzed settlement class member data including performing deduplication, National Change of Address Searches (NCOA) and skip traces.

5. Angeion has successfully implemented noticing campaigns involving notice via direct mail, email, text, printed media and digital media for millions of potential class members. A list of recent judicial recognition is attached as Exhibit "C".

6. Angeion has analyzed and reported on class member data obtained through claim form submissions, via mail and online, class member correspondence, objections to the settlement, exclusion requests and other means. Angeion is experienced in the application of complex claim calculations and, where applicable, tax withholding and reporting, as required by federal, state, and local taxing authorities, as well as settlement agreements and court orders. Angeion has been responsible for the management of Qualified Settlement Funds and has served as escrow agent.

7. Specifically related to the instant matter, Angeion has administered multiple settlements arising from consumer related litigation and settlements. Notably included within these settlement administrations are *In Re: Whirlpool Corp. Front Loading Washer Products Liability Litigation*, Case Number 1:08-WP-65000 (MDL 2001) (S.D. OH.); *Soto, et. al. v The Gallup Organization, Inc.*, Case Number 0:13-61747-CIV-MGC/EGT (S.D. Fla.); *Ferrera et al. v. Snyder's-Lance, Inc.*, Case Number 0:13-cv-62496 (S.D. FL.) *Pattersen v. CJ America*, Case Number 3:14-cv-02570-DMS-JLB (S.D. CA) and *Pollard et al. v. Remington Arms Company, LLC*, Case Number 4:13-cv-00086-ODS (W.D. MO) each involving the notice and administration of settlements involving millions of class members.

Declared under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_Steven M. Weisbrot_
Steven Weisbrot

# Exhibit A



### MICHAEL J. TRUDGEON
#### CHIEF EXECUTIVE OFFICER & PARTNER

Mike is known as much for his reputation as an innovative entrepreneur and business leader as he is for his commitment to breaking with the status quo and giving back to his community. Respected as an innovator across the legal services industry, Mike brings more than 25 years of experience in the field of litigation support services to his leadership role at Angeion Group.

As the founder and current CEO of Angeion's sister company – The Reliable Companies – Mike has grown and developed a leading legal services provider through multiple generations of legal technology and business models. Harnessing the company's unique blend of people, process and technology, Mike transformed Reliable from a household name in legal document management to a prominent e-discovery provider. Mike has continually found himself at the precipice of the doorway of modernization at precisely the right time and his forward thinking vision and can-do attitude is embedded in the very DNA of Angeion Group.

Mike has a bachelor's degree from West Chester University.

### CHRISTOPHER D. CHIMICLES
#### PRESIDENT & PARTNER

Chris is a class action administration veteran who draws upon his extensive experience in leading Angeion Group's day-to-day business operations and growth strategy. Prior to launching Angeion, Chris served as Managing Director of Heffler Claims Group, where he was responsible for managing the national sales team and working with clients to meet settlement administration goals. Prior to joining Heffler, Chris served as Senior Vice President at Rust Consulting, Inc. where he administered some of the largest class action settlements, including AIG ($1 Billion) and Marsh & McLennan ($400 million). At Rust, he helped double the securities class action group's revenue in less than two years. Previously, he was Senior Vice President of the Law Firm Banking Group of RBS Citizens Bank and worked with class action law firms in the institutional investment management and distribution of class action settlement funds. Chris is active with the National Association of Shareholder and Consumer Attorneys, a founding board member of USA250, and serves on the board of the Friends of Independence National Historic Park.

Chris holds a master's degree in business administration from Drexel University's LeBow College of Business and a bachelor's degree from Hobart College.

### STEVEN WEISBROT, ESQ.
#### EXECUTIVE VICE PRESIDENT, NOTICE & STRATEGY - PARTNER

Steven is a nationally-recognized class action notice expert and one of the premier thought leaders in the class action administration industry. He has authored numerous articles in national legal publications on such diverse topics as media notice programs, using digital media to notify class members, class action claims administration and proper claim form design. Largely accepted as the leading proponent for the use of digital and social media in the class action notification industry, Steven has consulted with and advised some of the largest corporations in the country on their class action notification needs. He has also lectured extensively to many of the largest law firms in the world, as well as hedge fund managers, bar associations and in-house counsel on class action notice and claims procedures.

Prior to joining Angeion Group, Steven was Director of Class Action Services at a leading class action claims administration company, where he designed and implemented notice and settlement processes. Before that, he spent the better part of a decade in private law practice and was associated with several leading law firms where he concentrated his practice on complex civil cases.

Steven received his J.D. degree from Rutgers University School of Law and holds a bachelor's degree from Rowan University. He is a licensed attorney in Pennsylvania and New Jersey.

EXECUTIVE PROFILES

## JEFFREY P. PALAZZESE, ESQ.
### EXECUTIVE VICE PRESIDENT & GENERAL COUNSEL - PARTNER

Jeff is a member of the Pennsylvania and New Jersey State Bars, and the Philadelphia and Pennsylvania Bar Associations. He currently serves as President of Angeion Group's sister organization – The Reliable Companies – which he joined in 1996. Jeff has established himself as an expert in the development and delivery of electronic discovery services and has significant experience building solutions for large-scale data collection, processing and hosting projects.

Jeff works closely with Reliable's customers to streamline all aspects of the e-discovery and information management process. He began his legal career as a litigator in private practice. He currently serves as a board member for the Homeless Advocacy Project and is an active supporter of the Alzheimer's Association of Southeastern PA, Support Center for Child Advocates and the MS Society.

Jeff has a bachelor's degree from Cornell University and earned his J.D. degree from Temple University's Beasley School of Law.

## CHARLIE FERRARA
### DIRECTOR OF OPERATIONS

Charlie is a class action industry veteran, bringing more than 20 years of consulting experience to his operations leadership role at Angeion Group. He is a proven authority on class action administration for securities litigation and has managed settlement programs on matters involving AIG, Countrywide Financial, Merrill Lynch and other notable cases. Charlie has also been a key contributor to the ongoing development and implementation of settlement administration strategies that meet the evolving needs of clients.

Prior to joining Angeion, Charlie held leadership positions at Kurtzman Carson Consultants, Rust Consulting, Inc., and Garden City Group, Inc. His body of work included managing the processes and procedures for hundreds of class action settlements including antitrust, consumer, mass tort, labor and employment, regulatory and securities related matters.

Charlie graduated Magna Cum Laude from Nassau Community College with a degree in Business Administration.

## KYLE MASON JD, CLMP
### VICE PRESIDENT OF CLASS ACTION & MASS TORT SERVICES

Kyle A. Mason is a Vice President of Class Action & Mass Tort Services for the Angeion Group. He is responsible for advising on and developing customized solutions for clients' unique project demands. He provides consultative advice for all aspects of class action and mass tort settlement administration, from notice planning and implementation through disbursements.

Prior to joining Angeion Group, Kyle was employed by a nationally-recognized class action settlement administrator and was central to building a stronger brand presence in the Western Region's major markets. Kyle achieved success by honing his consulting skills on several key areas, including consumer finance, data breach and products; TCPA; antitrust; and mass tort matters. Prior to claims administration, he held leadership positions in the medical record review and medical record retrieval industries, including prominent positions at one of the largest national record retrieval companies in the United States. Kyle is a Certified Litigation Management Professional (CLMP).

He holds a J.D. degree from The George Washington University Law School and a bachelor's degree from The Catholic University of America.

Contact us today to learn how we are **Changing the Rules** in Claims Administration

### ANGEION GROUP
1801 Market Street, Suite 660
Philadelphia, PA 19103
(215) 563-4116
www.angeiongroup.com

© 2015 Angeion Group | All Rights Reserved

# COMPANY OVERVIEW

Changing The Rules




Angeion Group is an industry-leading provider of turnkey services for claims administration and litigation support. The company's service offerings include class action claims administration, legal noticing services including class action notice plans, mass mailings of data breach notification letters, bankruptcy administration, mass tort administration, electronic discovery, document review and court reporting.

Formed by an executive leadership team with more than 60 years of collective industry experience, Angeion is bringing new ideas and fresh approaches to the business of claims administration.

## Service Offerings:

**Class Action Claims Administration**

- Pre-Settlement Consultation
- Legal Noticing Services
- Claims Processing
- Data Management
- Website Design
- Call Center Services
- Distribution Services

**Mass Tort Administration**

- Data Intake
- Records Retrieval
- Claims Adjudication
- Noticing & Communications
- Lien Resolution
- QSF Fund Distribution

**Litigation Support**

- Electronic Discovery Services
- Court Reporting
- Document Review

## THE ANGEION GROUP DIFFERENCE

### Proven Experience

Count on Angeion for a trusted and proven track record in claims administration. Our executive management group has supported over 2000 class action administrations and the distribution of $10 billion to class members.

An independent, nationally recognized, settlement administration company that has the culture of innovation in our DNA. We increase efficiency, provide accountability and afford counsel and the court peace of mind.

### Best Practice Focus

Our team exemplifies accountability through a set of proven case management methodologies that form best practices and procedures for managing all phases of complex legal administration.

### Technology Leadership

Angeion's professionals have a deep understanding of the role of technology throughout the end-to-end case settlement process and are experienced in the design and implementation of claims administration systems, case specific databases and websites, and other related services.

### Transparent Processes

Angeion further leverages our technology expertise to bring a new level of transparency to claims administration, facilitating seamless claims processes and open lines of communication in even the most complex class action cases.

### Operational Excellence

Headquartered in a state-of-the-art 14,000 square foot processing center, Angeion is operationally-equipped to immeditaly meet the needs of even the largest and most complex cases. Our sophisticated infrastructure drives superior case management and enables us to provide a settlement path that is more efficient and cost-effective than other claims administrators.

### Integrated Services

Angeion is a leader in turnkey integrated services for claims administration and litigation support. We provide law firms with the seamless efficiency and peace of mind that comes from working with one proven partner, from discovery through settlement administration.

## COMPREHENSIVE CLAIMS ADMINISTRATION SERVICES

Lean on the experience of Angeion to handle the nuances of settlement administration, managing thousands of complex tasks swiftly and efficiently. Our technology-enabled services offer the flexible capacity for settlements of all sizes.

### Class Action Administration

Rely on the expertise and technology savvy of Angeion Group to manage your class action settlement needs at the highest level of precision and efficiency. Angeion's end-to-end class action services, best practice approaches, and dedicated operational infrastructure provide a streamlined and efficient administration path for all types of class action matters – large and small – including: Antitrust, Securities, Labor & Employment, and Consumer.

### Mass Tort Administration

Angeion Group provides comprehensive services and consulting expertise for mass tort administration. Our services are designed to help our clients achieve the highest value resolution of cases efficiently and cost-effectively. Angeion delivers end-to-end support for every step of the mass tort administration process – including data intake and management, records retrieval, claims adjudication, lien resolution and Qualified Settlement Fund (QSF) distribution.

## LEGAL NOTICING SERVICES

Utilizing a measurable and industry-approved methodology, including the most targeted combination of traditional paid media (print and broadcast), digital, social and mobile media, and innovative direct marketing, Angeion Group implements notice plans that meet or exceed due process for any class, regardless of unique demographic or linguistic requirements. Angeion works with counsel to develop the most cost-effective notice plan strategies to maximize class member reach and minimize cost.

## LITIGATION SUPPORT SERVICES

Angeion Group augments our core claims administration services with comprehensive support for all case-related requirements. Partnering with Angeion, counsel can access proven, value-added services including document review, electronic discovery and court reporting. Electronic discovery services are delivered through our sister-organization The Reliable Companies - an industry leader in e-discovery and litigation support, providing clients with access to expert professionals and leading edge technology.

Contact us today to learn how we are **Changing The Rules**



1801 Market Street, Suite 660
Philadelphia, PA 19103
(215) 563-4116
www.angeiongroup.com

© 2016 Angeion Group | All Rights Reserved

# Exhibit B

## EMPLOYMENT

- Stallard and Strong, et al. v. Fifth Third Bank, et al.
- Tanner et al. v. TPUSA, Inc.
- Golovko, et al. v. 230 Fifth Avenue
- Pinto et al. v. Felidia Restaurant
- Amador v. The Brickman Group, LTD., LLC
- Flores, et al. v. One Hanover, LLC, d/b/a Harry's Café and Steak
- Guttentag et al. v. Ruby Tuesday, Inc.
- Krapf et al. v. Fourth Wall Restaurants, LLC, et al.
- MacArthur v. Allendale Community for Mature Living of New Jersey, et al.
- Manuel Lizondro – Garcia v. Kefi LLC
- Diombera, et al. v. The Riese Organization, Inc.
- Chhab, et al. v. Darden Restaurants, Inc. d/b/a The Capital Grille
- Maxcimo Scott and Jay Ensor, et al. v. Chipotle Mexican Grill, Inc.
- Huber, et al. v. Lovin' Oven Catering of Suffolk, Inc. et al.
- Clem, et al. v. Key Bank
- Santos, et al. v. Goode, et al.
- Orakwue, et al. v. Selman & Associates Ltd., et al.
- Thompson v. Peak Energy Services USA, Inc.
- Perez, et al. v. Isabella Geriatric Center, Inc.
- Frank Koehler, et al. v. First Student Management LLC et al.
- Juhani, et al. v. Crown Group Hospitality, LLC, et al.
- Schear, et al. v. Food Scope America, Inc.
- Flynn, et al. v. NY Dolls Gentlemen's Club
- Shemika Carter, et al. v. Youth Services, Int'l, Inc.
- Jantz, et al. v. Social Security Administration
- Monzon, et al. v. 103W77 Partners, LLC, et al. and Galvez, et al. v. 103W77 Partners, LLC et al.
- Gentry & Smith v. Scientific Drilling, Int'l, Inc.
- Anwar v. Executive Transportation Group, et al.
- Sheppard v. Weatherford International, LLC, et al.
- Monet Eliastam, et al., v. NBC Universal Media, LLC
- Ballinger, et al. v. Advance Magazine Publishers Inc. d/b/a/ Condé Nast Publications
- Carter v. Youth Services International, et. al.
- Puglisi et al v. TD Bank
- Ciamillo, et al. v. Baker Hughes Incorporated
- Hernandez, et al., v. UBS AG, et al.
- Gittens, et al. v. RM HQ, LLC d/b/a "Chevy's Fresh Mex"
- Henriquez, et al. v. Kelco Landscaping Inc., et al.
- Pollock et al v. Legends Hospitality, LLC et al.
- Hartford v. NTN Driveshaft, Inc.
- Carpenter, et al., v. Paige Hospitality Group, LLC, et al.
- Alexander Gurevich v. Royal Ambulance, Inc. and Kevin Dickens, e. al. v. Royal Ambulance, Inc.
- Niver, et al. v. Specialty Oilfield Solutions, Ltd., et al.

## SECURITIES

- Silverstrand Investments, et. al. v. AMAG Pharmaceuticals, Inc. et. al.
- In re Fuqi International, Inc. Securities Litigation
- In re Miller Energy Resources, Inc. Securities Litigatiion
- Anderson, et. al. v. Polymedix, Inc. et. al.
- In re China Integrated, Inc. Securities Litigation
- In re Star Scientific, Inc. Securities Litigation
- United Bancorp Merger Litigation
- Furiex Pharmaceuticals, Inc. Merger Litigation
- W2007 Grace Securities Settlement
- China Biotics Securities Settlement
- Larson v. Insys Therapeutics Incorporated et al.

In re ITT Educational Services, Inc. Securities Litigation (Indiana)

## CONSUMER

- William and Virginia McCurdy, et al. v. Wilkinson Enterprises, Inc.
- Ebin v. Kangadis Food, Inc.
- Nelson v. Ledgewood B.K. Inc., et al.
- Citizens Bank Forced Placed Insurance-Cook v. RBS Citizens, N.A, and Richards v. RBS Citizens, N.A.
- Orakwue, et al. v. Selman & Associates Ltd., et al.
- Helmer, et al. v. Goodyear Tire & Rubber Company
- Volz v. The Coca-Cola Company
- Roma Pizzeria, et al. v. Harbortouch
- Carrera v. Bayer Corporation and Bayer Healthcare, LLC
- Zyburo v. NCSPlus Inc.
- David Case, et al. v. French Quarter Group III, LLC, et al. (aka Southwind)
- Harriet K Gordon and Neil Raynor v. Briad Restaurant Group, LLC d/b/a The Briad Group
- Pierluigi Mancuso v. Crystal Title Agency, LLC and Robert M. Sebia
- Remington Firearms Class Action Settlement
- Weller HSBC Flood Insurance Settlement
- In Re: Colgate-Palmolive Soft Soap Antibacterial Hand Soap Marketing & Sales Practices Litigation
- Body Recovery Clinic v. Concentra, Inc., et al.
- In re Canon Ink Jet Printer Litigation
- Jeffrey Zink v. First Niagara Bank, N.A
- Theodore Schall et al. v. Windermere Court Apartments et al
- Soto, et. al. v The Gallup Organization, Inc.
- Ott v. Mortgage Investors Corporation
- Kokobaeva, et. al. v. Eddie Bauer, LLC
- Corona, et. al. v. United Bank Card, Inc.
- Speers v. Pre-Employ.com, Inc.
- Ferrera et al. v. Snyder's-Lance, Inc.
- In re: Glaceau VitaminWater Marketing and Sales Practice Litigation (No. II)

- Milton v. Bells Nurses Registry & Employment Agency, Inc.
- McCarthy et al. v. Valero Energy Corp., et al.,
- Edison Lopez et al v The Dinex Group et al
- Gonzalez v. Ferraro Foods, Inc. et al.
- Aken Gonqueh v. Leros Point To Point Inc. et al.
- Taipe, et al. v. MC&O Contracting, Inc., et al.
- Caprarola v. Wells Fargo Bank, N.A.
- Sizemore, et. al. v. Scientific Drilling International, Inc.
- Avila et al v. Da Silvano Corp. et al
- Calderone et al v. Michael Scott
- Bravo v. Palm West Corp. et al
- Blair et al v. TransAm Trucking, Inc.
- Drummond v. Hartford Fire Insurance Co.
- Oates v. Quality Integrated Services, Inc.
- Demchak Partners et al. v. Chesapeake Appalachia, LLC
- Rodriguez v. Calvin Klein, Inc. et. al.
- Peel et. al. v BrooksAmerica
- Daisy, Inc. v. Pollo Operations, Inc.
- Dennis Petersen, et al. v. CJ America, Inc. d.b.a. CJ Foods Inc.
- Jacqueline Johnson, et al. v. Casey's Marketing Company and Casey's Retail Company
- Sophia Krivy v. Jean Madeline Education Center of Cosmetology, Inc. d/b/a "The Jean Madeline Aveda Institute" ("JMEC"); Jean Madeline Inc., and Samuel Lehman
- Parker v. Logitech, Inc.

**ANTITRUST**

- Allan, et al. v. Realcomp II Ltd., et al.
- In re: Pool Products Distribution Market Antitrust Litigation (Hayward/Zodiac)
- Missouri Milk Consumers
- In re: Pool Products Distribution Market Antitrust Litigation (Pentair)

# Exhibit C

Case 5:14-cv-00158-EJD   Document 91-4   Filed 07/14/16   Page 13 of 15



# Recent Judicial Recognition

*IN RE LG FRONT LOADING WASHING MACHINE CLASS ACTION LITIGATION-* **Civil Action No. 08-Sl(MCA)(LDW)**

Honorable Madeline Cox Arleo (June 17, 2016) *This Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement and the joint motion for preliminary approval. The Court has reviewed the notices attached as exhibits to the Settlement, the plan for distributing the Summary Notices to the Settlement Class, and the plan for the Publication Notice's publication in print periodicals and on the internet, and finds that the Members of the Settlement Class will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal to use reasonable diligence to identify potential class members and an associated mailing and/or email address in the Company's records, and their proposal to direct the ICA to use this information to send absent class members notice both via first class mail and email. The Court further approves the plan for the Publication Notice's publication in two national print magazines and on the internet. The Court also approves payment of notice costs as provided in the Settlement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e)(l ), and Due Process.*

**FUENTES, et al. v. UNIRUSH, LLC d/b/a UNIRUSH FINANCIAL SERVICES et al. 15-CV-8372 (JPO)**

Honorable J. Paul Oetken (May 16, 2016) *The Court approves, as to form, content, and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan, and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B-D, thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of the Actions, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes ofaccuracy or formatting for publication.*

*IN RE: WHIRLPOOL CORP. FRONTLOADING WASHER PRODUCTS LIABILITY LITIGATION-* MDL No. 2001

Honorable Christopher A. Boyko (May 12, 2016) *The Court, having reviewed the proposed Summary Notices, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.*

*Sateriale, et al. v R.J. Reynolds Tobacco Co.,* **Case No. CV 09 08394 CAS**

Honorable Christina A. Snyder (May 3, 2016) *The Court finds that the Notice provided to the Settlement Class pursuant to the Settlement Agreement and the Preliminary Approval Order has been successful, was the best notice practicable under the circumstances and (1) constituted notice that was reasonably*



*calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court.*

***Ferrera et al. v. Snyder's-Lance, Inc.*, Case No. 0:13-cv-62496.**

Honorable Joan A. Lenard *(February 12, 2016) The Court approves, as to form and content, the Long-Form Notice and Short- Form Publication Notice attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits 1 and 2 to the Stipulation of Settlement. The Court also approves the procedure for disseminating notice of the proposed settlement to the Settlement Class and the Claim Form, as set forth in the Notice and Media Plan attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits G. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.*

***Pollard v. Remington Firearms Company, LLC et al*. Case 4:13-cv-00086**

Honorable Ortrie D. Smith, (April 14, 2015):  *The Notice Plan methodologies (a) protect the interests of the named Plaintiffs, the Settlement Classes, and Defendants, (b) are the best notices practicable under the circumstances, and (c) are reasonably calculated to apprise the Settlement Classes of the proposed Settlement, the Agreement, and their right to opt out and exclude themselves from or object to the proposed Settlement.*

*In addition, the Court finds that the notice methodologies are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice of the proposed Settlement and meet all applicable requirements of law, including, but not limited to, Fed R. Civ. P. 23*

***In Re: Pool Products Distribution Market Antitrust Litigation MDL* No. 2328**

Honorable Sarah S. Vance (December 31, 2014)*: To make up for the lack of individual notice to the remainder of the class, the parties propose a print and web-based plan for publicizing notice. The Court welcomes the inclusion of web-based forms of communication in the plan….The Court finds that the proposed method of notice satisfies the requirements of Rule 23(c)(2)(B) and due process.*

*The direct emailing of notice to those potential class members for whom Hayward and Zodiac have a valid email address, along with publication of notice in print and on the web, is reasonably calculated to apprise class members of the settlement.*

*Moreover, the plan to combine notice for the Zodiac and Hayward settlements should streamline the process and avoid confusion that might otherwise be caused by a proliferation of notices for different settlements. Therefore, the Court approves the proposed notice forms and the plan of notice.*



*Soto, et. al. v The Gallup Organization, Inc.* **Case Number 0:13-61747-CIV-MGC/EGT**

Honorable Marcia G. Cooke (June 16, 2015): *The Court approves the form and substance of the notice of class action settlement described in ¶ 8 of the Agreement and attached to the Agreement as Exhibits A, C and D. The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B)and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Settlement Class Members of their rights.*

*Ott v Mortgage Investors Corporation of Ohio, Inc.,* **No. 3:14-cv-00645-ST**

Honorable Janice M. Stewart (July 20, 2015) *The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.*

*In Re: Colgate-Palmolive Soft Soap Antibacterial Hand Soap Marketing & Sales Practices Litigation*
**Case No. 1:12-md-02320 PB**

Honorable Paul Barbadaro (June 5, 2015) *Dissemination of the Class Notice as set forth in the Notice Plan satisfies the requirements of due process and the Federal Rules of Civil Procedure.*