1
2
3
4
5
6
7                              **UNITED STATES DISTRICT COURT**
8                        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9

10  | SAM WILLIAMSON, individually and on behalf of all others similarly situated, | Case No. 5:14-cv-02475-EJD |

11  **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

12                Plaintiff,

            v.

Honorable Edward J. Davila

MCAFEE, INC.,
13                Defendant.

14  SAMANTHA KIRBY, individually and on behalf of all others similarly situated,   Case No.  5:14-cv-02475-EJD

15
16                Plaintiff,
17                v.
18  MCAFEE, INC.,
                  Defendant.
19
20
21
22
23
24
25
26
27
28

This matter comes before the Court upon Plaintiffs' Motion for Preliminary Approval of Class Settlement. The Parties have entered into a Class Action Settlement Agreement and Release (the "Settlement Agreement") which, if approved, would resolve the above-captioned actions (collectively, the "Litigation"). Upon review and consideration of the motion papers, the argument presented regarding the motion, and the Settlement Agreement including all exhibits thereto, the Court finds that there is sufficient basis for: (1) granting preliminary approval of the Settlement Agreement; (2) provisionally certifying the Auto-Renewal Class and Reference Price Class for settlement purposes only; (3) appointing Class Counsel and the Named Plaintiffs to represent the Auto-Renewal Class and Reference Price Class; (4) approving the Parties' proposed notice program and forms of notice, and directing that notice be disseminated to the members of the Auto-Renewal Class and Reference Price Class (together, the "Class Members") pursuant to the notice program provided in the Settlement Agreement; (5) approving the procedures set forth in the Settlement Agreement for Class Members to exclude themselves from the Auto-Renewal Class and Reference Price Class, and to object to the Settlement; (6) appointing a Settlement Administrator to conduct the duties assigned to that position in the Settlement Agreement; and (7) setting a hearing (the "Final Fairness Hearing"), at which the Court will consider: (a) whether to grant final approval of the Settlement Agreement; (b) Class Counsel's application for attorneys' fees and costs; and (c) any request for service awards for the Named Plaintiffs.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and has personal jurisdiction over the Parties. Venue is proper in this District.

3. The Auto-Renewal Class and Reference Price Class, defined below, are provisionally certified, for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3) and 23(e).

4. The Auto-Renewal Class is defined as follows: All persons in the United States who paid McAfee for the automatic renewal of a subscription license for any McAfee software

- 1 -

(including software branded under the "McAfee" or "Intel Security" name) from January 10, 2010 to February 10, 2015, and whose first auto-renewal charge was at a price greater than the price paid to McAfee for the initial subscription license.  The Auto-Renewal Class shall not include any person whose charges as described above were fully refunded by McAfee or fully charged back through such person's credit or debit card issuer.

5.     The Reference Price Class is defined as follows:  All persons in the United States (1) who initially purchased from McAfee or manually renewed through McAfee a subscription license for any McAfee software (including software branded under the "McAfee" or "Intel Security" name) from January 10, 2010 to February 10, 2015, and (2) whose subscription license was initially purchased or manually renewed at a discounted price.

6.     Excluded from the Auto-Renewal Class and Reference Price Class are: employees of McAfee and its parents and affiliates (including Intel Corporation), counsel for all Parties, the Judge presiding over the Litigation, and the staff of the Court.

7.     The Court finds that, for settlement purposes only, the Auto-Renewal Class and Reference Price Class, as defined above, meet the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3)—namely, that for settlement purposes, (1) the Class Members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) the Named Plaintiffs' claims are typical of those of the Class Members; (4) the Named Plaintiffs and Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Class Members; and (5) common questions predominate and a class action is superior to other available methods of adjudication.

8.     Certification of the Auto-Renewal Class and Reference Price Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect.

9.     The Court preliminarily approves the proposed Settlement Agreement as fair, reasonable and adequate, entered into in good faith, free of collusion, and within the range of possible judicial approval.  The Court notes that the Settlement Agreement was reached through

extensive arms-length negotiations assisted by an experienced mediator, Eric Green of Resolutions, LLC.

10.     The Court appoints Named Plaintiffs Sam Williamson and Samantha Kirby as class representatives for the Auto-Renewal Class and Reference Price Class.

11.     The Court appoints the following as Class Counsel for the Auto-Renewal Class and Reference Price Class, pursuant to Federal Rule of Civil Procedure 23(g):  Lieff Cabraser Heimann & Bernstein LLP (Michael W. Sobol and Roger N. Heller), Hattis Law (Daniel M. Hattis), and Ahdoot & Wolfson, PC (Robert Ahdoot and Tina Wolfson).

12.     The Court appoints Angeion Group ("Angeion") to serve as the Settlement Administrator, and directs Angeion to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement.

13.     The Court approves the program for disseminating notice to Class Members set forth in the Settlement Agreement (herein, the "Notice Program").  The Court approves the form and content of the proposed forms of notice, in the forms attached as Exhibits 2 through 6 to the Settlement Agreement.  The Court finds that the proposed forms of notice are clear and readily understandable by Class Members.  The Court finds that the Notice Program, including the proposed forms of notice, constitutes the best notice practicable under the circumstances, constitutes valid, due and sufficient notice to the Class Members in full compliance with the requirements of applicable law, including Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution, and is the only notice to the Class Members of the Settlement Agreement that is required.

14.     The Court approves the form and content of the proposed Cash Election form, substantially in the form attached as Exhibit 8 to the Settlement Agreement, and approves the procedures set forth in the Settlement Agreement for the submission of Cash Elections.

15.     Class List:  Within thirty (30) days following the entry of this Order, McAfee shall obtain from its records and provide to the Settlement Administrator a Class List that includes, for each Class Member: (a) the last known email address that McAfee possesses; (b) the last known

mailing address that McAfee possesses; and (c) whether he or she is a member of the Auto-Renewal Class, the Reference Price Class, or both classes.

16.     Email Notice:  Within forty-five (45) days following the entry of this Order (the "Notice Date"), the Settlement Administrator shall email the applicable Short Form Notice, substantially in the forms attached as Exhibits 2 and 4 to the Settlement Agreement, to each of the Class Members, sent to the email address listed for them in the Class List.  The "sender" title and subject line for the email Short Form Notices shall be as set forth in the Settlement Agreement.

17.     Mailed Notice:   Within ten (10) days after all email Short Form Notices have been sent, for any Class Member for whom the Settlement Administrator receives notice that the email Short Form Notice sent to them was not received (i.e., a "bounce-back"), the Settlement Administrator shall update the mailing address listed for such Class Members in the Class List through the U.S. Postal Service National Change of Address Database, and mail them the applicable Short Form Notice, substantially in the forms attached as Exhibits 3 and 5 to the Settlement Agreement, via first class U.S. mail, in the form of a double-sided postcard, at their mailing addresses as updated.  For any mailed Short Form Notices that are returned with forwarding address information, the Settlement Administrator shall promptly re-mail the appropriate Short Form Notice to the new address indicated.

18.     Settlement Website:  The Settlement Administrator shall establish an Internet website, at the URL www.mcafeewilliamsonsettlement.com ("Settlement Website"), where Class Members can obtain further information about the Settlement and their rights, and, as applicable, submit Cash Elections electronically.  The Settlement Website shall be optimized for display on mobile devices.  The Settlement Website shall be established by the Settlement Administrator and operational by no later than the first date that any Short Form Notices are sent to Class Members, and shall be maintained by the Settlement Administrator until the administration of payments to Cash Payment Electors is completed.  The Settlement Website shall include, and make available for download, the Long Form Class Notice, substantially in the form attached as Exhibit 6 to the Settlement Agreement, and shall also include a printable and downloadable hard-copy Cash

Election form that can be submitted via mail, and downloadable copies of: the Settlement Agreement, the operative complaints in the *Williamson* Case and the *Kirby* Case, this Order, and, after it is filed, Class Counsel's application for attorneys' fees and costs and for Named Plaintiff service awards, and any other pleadings or case documents that the Parties mutually agree should be included or as directed by the Court. The Settlement Website shall include an appropriate mechanism for Class Members to update their contact information.

19.     <u>Toll-Free Number</u>: The Settlement Administrator shall establish a toll-free telephone number ("Toll-Free Number") that Class Members can call if they have questions about the Settlement. The Toll-Free Number shall be established by the Settlement Administrator and operational by no later than the first date that any Short Form Notices are sent to Class Members, and shall be maintained by the Settlement Administrator until the administration of payments to Cash Payment Electors is completed. The Toll-Free Number shall be provided on the Settlement Website and in the Short-Form Notices and the Long Form Class Notice.

20.     No later than seven (7) days before the Final Fairness Hearing, the Settlement Administrator shall file an affidavit confirming its implementation of the Notice Program.

21.     Class Members in the Auto-Renewal Class shall have the option of submitting Cash Election forms online via the Settlement Website or by mail. Cash Election forms submitted online must be submitted by no later than seventy (70) days after the Notice Date (the "Cash Election Deadline"). Cash Election forms submitted by mail must be postmarked no later than the Cash Election Deadline.

22.     Any Class Member who wishes to be excluded from the Auto-Renewal Class, the Reference Price Class, or both classes, must send a written request for exclusion, addressed to the Settlement Administrator at the address listed in the Long Form Class Notice, postmarked no later than forty-five (45) days after the Notice Date (the "Opt-Out Deadline"), and must include: (i) the case name (*Williamson/Kirby v. McAfee, Inc.*); (ii) their name, address, and telephone number;

(iii) a clear statement that they want to opt-out the Auto-Renewal Class, the Reference Price Class, or both classes;[1] and (iv) their own signature.

23.     Class Members in the Auto-Renewal Class who do not timely and validly exclude themselves from the Auto-Renewal Class, by written notice correctly directed and containing the requisite information as set forth above, shall remain Class Members of the Auto-Renewal Class, and shall be bound by any order(s) of the Court regarding the Auto-Renewal Class and the Settlement as it relates to the Auto-Renewal Class.

24.     Class Members in the Reference Price Class who do not timely and validly exclude themselves from the Reference Price Class, by written notice correctly directed and containing the requisite information as set forth above, shall remain Class Members of the Reference Price Class, and shall be bound by any order(s) of the Court regarding the Reference Price Class and the Settlement as it relates to the Reference Price Class.

25.     The Settlement Administrator shall promptly provide copies of any received requests for exclusion to Class Counsel and counsel for McAfee.  By no later than seven (7) days before the Final Fairness Hearing, the Settlement Administrator shall file with the Court final lists of individuals who have timely and validly opted out of the Auto-Renewal Class and the Reference Price Class.

26.     Any Class Member may object to the Settlement (except to the extent that the Settlement relates only to a class in which the Class Member in question is not included based on the class definitions herein or from which the Class Member in question has timely and validly requested exclusion), Class Counsel's application for attorneys' fees and costs, and/or the request for Named Plaintiff service awards.  To be considered, an objection must be in writing, must be filed with or mailed to the Court, and mailed to Class Counsel and McAfee's counsel, at the

---

[1] Class Members who are in both the Auto-Renewal Class and the Reference Price Class who indicate in a timely and otherwise valid request for exclusion that they wish to opt-out of "the class," "the case," "the settlement," or who use other similar language that makes clear their intent to opt-out but does not specify whether their intent is to opt-out of one class or both classes, shall be treated as having opted-out of both the Auto-Renewal Class and the Reference Price Class.

addresses listed in the Long Form Class Notice, postmarked no later than forty-five (45) days after the Notice Date (the "Objection Deadline"), and must include the following: (i) the case caption; (ii) the name, address, and telephone number of the person objecting; (iii) the basis upon which the objector claims to be a Class Member; (iv) all grounds for the objection, accompanied by any legal and factual support; (v) whether the objector is represented by counsel, and if so the identity of such counsel; (vi) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; (vii) the identity of any counsel who will appear at the Final Fairness Hearing on the objector's behalf; (viii) a list of any witnesses who may be called to testify at the Final Fairness Hearing, whether in person, by deposition, or affidavit; (ix) a list of any exhibits, and copies of same, which the objector may offer at the Final Fairness Hearing; and (x) the objector's signature.

27.     No Class Member may contest the approval of the terms and conditions of the Settlement Agreement, the Final Judgment and Order, any request for or award of attorneys' fees and costs to Class Counsel, or any request for or award of Named Plaintiff service awards, except by filing and serving a written objection in accordance with the provisions set forth above.  Any Class Member who fails to object in the manner prescribed above, shall be deemed to have waived, and shall be foreclosed forever from raising, objections to the Settlement Agreement, Class Counsel's application for attorneys' fees and costs, and any application for Named Plaintiff service awards.

28.     The Court directs that the Final Fairness Hearing be scheduled for _____ __, 2016, at _:__ _.m., to assist the Court in determining whether the Settlement Agreement should be finally approved as fair, reasonable and adequate to the Class Members; whether the Final Order and Judgment should be entered; whether Class Counsel's application for attorneys' fees and costs should be approved; and whether any request for service awards for the Named Plaintiffs should be approved.

29.     By no later than fifteen (15) days after the Notice Date, Class Counsel shall file with the Court a motion for Final Judgment and Order.  By no later than fifteen (15) days after the

Notice Date, Class Counsel shall file their application for attorneys' fees and costs and for any service awards for the Named Plaintiffs. McAfee shall have thirty (30) days to respond to the application if it chooses to do so. After they are filed, Class Counsel's application for attorneys' fees, costs, and Named Plaintiff service awards and any response by McAfee shall be posted on the Settlement Website.

30.     By no later than fourteen (14) days prior to the Final Fairness Hearing, the Parties shall file any responses to any objections, and any replies in support of the motion for Final Judgment and Order and/or Class Counsel's application for attorneys' fees, costs, and Named Plaintiff service awards.

31.     The Court reserves the right to modify the date of the Final Fairness Hearing and related deadlines set forth herein. In the event the Final Fairness Hearing is moved, the new date and time shall be posted on the Settlement Website.

32.     This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order, if: (a) the Settlement Agreement is not finally approved by the Court; (b) the Settlement is terminated in accordance with the terms of the Settlement Agreement; or (c) the Settlement does not become effective pursuant to the terms of the Settlement Agreement for any other reason. In such event, the Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders relating to the Settlement Agreement, including this Order, shall be used for any purpose.

33.     If the Settlement does not become final and effective pursuant to the terms of the Settlement Agreement, this Order shall have no force or effect, and shall not be construed or used as an admission, concession, or declaration by or against McAfee of any fault, wrongdoing, breach, or liability, or be construed or used as an admission, concession, or declaration by or against any of the Named Plaintiffs or Class Members that their claims lack merit or that the relief

requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have in this Litigation or in any other lawsuit.

34.    Pending the final determination of whether the Settlement Agreement should be approved, all proceedings in this Litigation, except as may be necessary to implement the Settlement Agreement or comply with the terms of the Settlement Agreement, are hereby stayed.

35.    Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement Agreement that are not inconsistent with this Order.

36.    The following chart summarizes the dates and deadlines set by this Order:

| | |
|---|---|
| Last day for McAfee to provide the Class List to the Settlement Administrator | **[30 days after entry of Preliminary Approval Order]** |
| Notice Date | **[45 days after entry of Preliminary Approval Order]** |
| Last day for: (a) Class Counsel to file motion for entry of Final Judgment and Order; and (b) Class Counsel to file their application for attorneys' fees, costs, and Named Plaintiff service awards, with a response, if any, by McAfee due within thirty (30) days thereafter | **[15 days after Notice Date]** |
| Opt-Out Deadline | **[45 days after Notice Date]** |
| Objection Deadline | **[45 days after Notice Date]** |
| Cash Election Deadline | **[70 days after Notice Date]** |
| Last day for the Parties to file any responses to objections, and any reply papers in support of motion for entry of Final Judgment and Order and/or Class Counsel's application for attorneys' fees, costs, and Named Plaintiff service awards | **[14 days before Final Fairness Hearing]** |
| Final Fairness Hearing | **_____ __, 2016 at _:__ _.m.** |

IT IS SO ORDERED.

1

Dated: _____, 2016

2

_____
EDWARD J. DAVILA
United States District Judge

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28