1  Michael W. Sobol (State Bar No. 194857)
   Roger N. Heller (State Bar No. 215348)
2  LIEFF CABRASER HEIMANN &
   BERNSTEIN LLP
3  275 Battery Street, 29th Floor
   San Francisco, CA  94111
4  Telephone:  (415) 956-1000
   Facsimile:  (415) 956-1008
5  msobol@lchb.com

6  Daniel M. Hattis (State Bar No. 232141)
   HATTIS LAW
7  9221 NE 25th Street
   Clyde Hill, WA 98004
8  Telephone: (650) 980-1990
   dan@hattislaw.com
9

10 Tina Wolfson (State Bar No. 174806)
   Robert Ahdoot (State Bar No. 172098)
11 Theodore W. Maya (State Bar No. 223242)
   AHDOOT & WOLFSON, P.C.
12 1016 Palm Avenue
   West Hollywood , California 90069
13 Telephone: (310) 474-9111
   Facsimile:  (310) 474-8585
14 twolfson@ahdootwolfson.com

15 *Attorneys for Plaintiffs*

16

17

18                  UNITED STATES DISTRICT COURT

19                 NORTHERN DISTRICT OF CALIFORNIA

20

21 SAM WILLIAMSON, individually and on      Case No.  5:14-cv-00158-EJD
   behalf of all others similarly situated,
22                                          **NOTICE OF FILING OF CORRECTED
                  Plaintiff,                CLASS SETTLEMENT AGREEMENT**
23
   v.
24                                          Honorable Edward J. Davila
   MCAFEE, INC.,
25
                  Defendant.
26

27

28

SAMANTHA KIRBY, individually and on behalf of all others similarly situated,

           Plaintiff,

v.

MCAFEE, INC.,

           Defendant.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

At the preliminary settlement approval hearing held in this matter on August 18, 2016, the parties informed the Court that they had noticed a scrivener's error in paragraph 59 of the Class Action Settlement Agreement and Release that was filed on July 14, 2016 (*Williamson* Docket No. 91-1). Attached hereto as Exhibit A is a Corrected Class Action Settlement Agreement and Release ("Corrected Settlement Agreement") which fixes the error in paragraph 59. Specifically, the Corrected Settlement Agreement includes the following corrections:

- Page 34, paragraph 59, line 4: The word "California" is replaced with "Delaware," to correct the above-referenced scrivener's error.
- Page 1: The title of the document has been modified to reflect that it is the "corrected" version of the agreement.

Otherwise, the Corrected Settlement Agreement is identical to the version of the agreement that was filed at *Williamson* Docket No. 91-1. As directed by the Court, Plaintiffs are also filing herewith an updated proposed preliminary approval order, which includes the date and time for the Final Fairness Hearing as set by the Court. *See Williamson* Docket No. 94.

1   Dated:  August 22, 2016          By:  _/s/ Roger N. Heller_____

2                                    Michael W. Sobol
                                     Roger N. Heller
3                                    LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
                                     275 Battery Street, 29th Floor
4                                    San Francisco, CA  94111-3336
                                     Telephone: (415) 956-1000
5

6                                    Daniel M. Hattis
                                     HATTIS LAW
7                                    9221 NE 25th Street
                                     Clyde Hill, WA 98004
8                                    Telephone: (650) 980-1990

9                                    Tina Wolfson (State Bar No. 174806)
                                     Robert Ahdoot (State Bar No. 172098)
10                                   Theodore W. Maya (State Bar No. 223242)
                                     AHDOOT & WOLFSON, P.C.
11                                   1016 Palm Avenue
                                     West Hollywood , California 90069
12                                   Telephone: (310) 474-9111

13                                   *Attorneys for Plaintiffs*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

| | |
|---|---|
| SAM WILLIAMSON, individually and on behalf of all others similarly situated, | Case No.: 14-cv-00158-EJD |
|        Plaintiff, | |
| v. | |
| MCAFEE, INC., | |
|        Defendant. | |

| | |
|---|---|
| SAMANTHA KIRBY, individually and on behalf of all others similarly situated, | Case No.: 14-cv-02475-EJD |
|        Plaintiff, | |
| v. | |
| MCAFEE, INC., | |
|        Defendant. | |

**CORRECTED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

This Corrected Class Action Settlement Agreement and Release, including the Exhibits hereto, (together, the "Settlement Agreement") is made and entered into by and among plaintiffs Sam Williamson and Samantha Kirby (the "Named Plaintiffs") on behalf of themselves and the members of the Auto-Renewal Class and the Reference Price Class, defined in Paragraphs 1 through 3 below ("Class Members"), and McAfee, Inc. ("McAfee"). The Named Plaintiffs represent the Auto-Renewal Class and the Reference Price Class for purposes of this Settlement Agreement. The Named Plaintiffs and McAfee are collectively referred to herein as the "Parties."

<u>**RECITALS**</u>

WHEREAS, Named Plaintiff Sam Williamson on or about January 10, 2014 filed a lawsuit styled *Williamson v. McAfee, Inc.*, Case No. 14-cv-158-EJD (the "*Williamson* Case"), in the United States District Court for the Northern District of California (the "Court"), and filed an amended complaint on or about September 8, 2014 (Docket No. 42) that is the operative complaint in the *Williamson* Case;

WHEREAS, Named Plaintiff Samantha Kirby on or about May 29, 2014 filed a lawsuit styled *Kirby v. McAfee, Inc.*, Case No. 14-cv-2475-EJD (the "*Kirby* Case"), in the United States District Court for the Northern District of California;

WHEREAS, on or about July 1, 2014, the Court determined that the *Williamson* Case and the *Kirby* Case (together, the "Litigation") are related (*Kirby* Case Docket No. 16);

WHEREAS, the Named Plaintiffs have asserted causes of action against McAfee in the Litigation based on alleged violations of California statutory and common law in relation to McAfee's practices with respect to auto-renewal transactions and usage of reference prices;[1]

WHEREAS, the Named Plaintiffs and McAfee participated in an in-person mediation on April 8, 2015 with Eric Green, an experienced mediator, and have continued since that time to engage in arms-length negotiations with the assistance of Mr. Green;

WHEREAS, through their efforts and with the continued assistance of Mr. Green, the Named Plaintiffs and McAfee agreed to a settlement of the Litigation on a class basis, contingent upon the negotiation and execution by the Parties of this final agreement and its approval by the Court;

---

[1] For purpose of this Settlement, "reference price" shall mean a higher, former, and non-sale price of McAfee's own product that is used to show the difference between that price and a lower, current, sale price for the same product.

WHEREAS, McAfee denies that it has engaged in any wrongdoing, does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged against it in the Litigation, denies that the claims asserted by the Named Plaintiffs are suitable for class treatment other than for settlement purposes, and denies that it has any liability whatsoever; but has agreed to this Settlement Agreement because of the substantial expense of litigation, the length of time necessary to resolve the issues presented, the inconvenience involved, and the disruption to its business operations;

WHEREAS, Lieff Cabraser Heimann & Bernstein LLP, Hattis Law, and Ahdoot & Wolfson, PC (collectively, "Class Counsel") have conducted a thorough study and investigation of the law and facts relating to the claims that were asserted and that could have been asserted in the Litigation, as well as a thorough study and investigation of the scope of the Auto-Renewal Class and the Reference Price Class, and have concluded, taking into account the benefits of this Settlement (defined below), and the risks and delays of further litigation, that this Settlement is fair and reasonable and in the best interests of the Auto-Renewal Class and the Reference Price Class;

WHERAS, the "Settlement," as used herein, means the settlement embodied in this Settlement Agreement, including all Exhibits attached hereto;

WHEREAS, subject to the approval of the Court, the Parties wish to finally resolve and terminate the Litigation and effect a compromise pursuant to the terms and conditions set forth herein;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned that the Released Claims, as defined below, shall be settled and released, subject to the approval of the Court, upon and subject to the following terms and conditions:

## I. THE SETTLEMENT CLASSES AND ADMINISTRATION

1.      The "Auto-Renewal Class" shall mean and include: all persons in the United States who paid McAfee for the automatic renewal of a subscription license for any McAfee software[2] from January 10, 2010 to February 10, 2015, and whose first auto-renewal charge was at a price greater than the price paid to McAfee for the initial subscription license. The Auto-Renewal Class shall not include any person whose charges as described above were fully refunded by McAfee or fully charged back through such person's credit or debit card issuer.

2.      The "Reference Price Class" shall mean and include: all persons in the United States (1) who initially purchased from McAfee or manually renewed through McAfee a subscription license for any McAfee software from January 10, 2010 to February 10, 2015, and (2) whose subscription license was initially purchased or manually renewed at a discounted price.

3.      Employees of McAfee and its parents and affiliates (including Intel Corporation), counsel for all Parties, the Judge presiding over the Litigation, and Court staff will be excluded from the Auto-Renewal Class and the Reference Price Class.

4.      Composition of the Auto-Renewal Class and the Reference Price Class shall be based exclusively upon McAfee's records. McAfee's records include the email and physical addresses provided to McAfee by the account holders.

---

[2] "McAfee software," as used in this Settlement Agreement, means and includes software branded under either the "McAfee" or "Intel Security" name.

5. The Parties have agreed that, subject to Court approval, Angeion Group (the "Settlement Administrator"), an independent third party, shall administer the Settlement. The Settlement Administrator shall perform the administrative tasks as described in this Settlement Agreement, including but not limited with respect to the dissemination of class notice as set forth in Section III below and the processing of Cash Elections and dissemination of the Settlement Benefits as set forth in Section VI below. The Parties agree that the Settlement Administrator shall be an independent contractor, and not the agent of any party or any party's counsel. All fees and expenses charged by the Settlement Administrator in connection with the Settlement shall be paid by McAfee, in addition to, and separate from, the other settlement benefits provided to the Auto-Renewal Class and the Reference Price Class pursuant to the Settlement.

## II.    THE PRELIMINARY APPROVAL ORDER

6. As soon as practicable after the execution of this Settlement Agreement, Named Plaintiffs shall file this Settlement Agreement with the Court and request by motion, which motion McAfee will not oppose, that the Court enter an Order ("Preliminary Approval Order") granting preliminary approval of the Settlement, substantially in the form of Exhibit 1 attached hereto. The Preliminary Approval Order shall accomplish the following:

a. Find that the requirements of Federal Rule of Civil Procedure 23 and any other requirements for certification of a settlement class have been satisfied, and certify the Auto-Renewal Class and the Reference Price Class;

b. Preliminarily approve the Settlement Agreement as fair, reasonable, and adequate and within the range of approval;

c. Find that the class notice procedure set forth below satisfies the requirements of due process and applicable law and procedure, and direct

5

the Parties and the Settlement Administrator to implement such class notice procedure;

d.      Set the deadlines for Class Members to opt-out of the Auto-Renewal Class and the Reference Price Class, or to file objections to the Settlement, as set forth below;

e.      Set a date for the hearing at which the Court will finally determine the fairness, reasonableness, and adequacy of the proposed Settlement (the "Final Fairness Hearing");

f.      Appoint Named Plaintiffs Sam Williamson and Samantha Kirby as class representatives for the Auto-Renewal Class and the Reference Price Class; and

g.      Appoint Lieff Cabraser Heimann & Bernstein LLP (Michael W. Sobol and Roger N. Heller), Hattis Law (Daniel M. Hattis), and Ahdoot & Wolfson, PC (Robert Ahdoot and Tina Wolfson) as Class Counsel for the Auto-Renewal Class and the Reference Price Class.

7.      In the event the Court disapproves or sets aside this Settlement Agreement or any material part hereof for any reason, then the Parties will either jointly agree to accept the Settlement Agreement as judicially modified or engage in negotiations in an effort to jointly agree to modify the Settlement Agreement for resubmission to the Court for approval. If such negotiations prove unsuccessful, then any party may declare this Settlement Agreement null and void, and the Litigation will proceed and the Parties will request a status conference with the Court. Such declaration shall only be made following fourteen (14) days' notice by such party to the other party of its intention to declare the Settlement Agreement null and void. The Parties

may agree by stipulation executed by counsel to modifications of the Exhibits to this Settlement Agreement to effectuate the purpose of this Settlement Agreement and/or to conform to guidance from the Court with regard to the contents of such Exhibits without need for further amendment of this Settlement Agreement. Any such stipulation shall be filed with the Court.

## III.  NOTICE

8.  There shall be two Short Form Notices: (i) one for Class Members who are in the Auto-Renewal Class (i.e., including both: (a) Class Members who are in the Auto-Renewal Class but not in the Reference Price Class; and (b) Class Members who are in both the Auto-Renewal Class and the Reference Price Class), substantially in the forms attached hereto as Exhibits 2 (email version) and 3 (postcard version)] ("Short Form Notice # 1"); and (ii) one for Class Members who are in the Reference Price Class but not in the Auto-Renewal Class, substantially in the forms attached hereto as Exhibits 4 (email version) and 5 (postcard version) ("Short Form Notice # 2"). Short Form Notice # 1 and Short Form Notice # 2 are referred to collectively herein as the "Short Form Notices." The Short Form Notices shall be disseminated via email and, where applicable as described below, via U.S. mail in the form of a double-sided postcard. The Short Form Notices shall each: (a) apprise Class Members of the existence and general terms of the Settlement applicable to the relevant class or classes; (b) direct Class Members to a Settlement Website to be established, maintained, and administered by the Settlement Administrator as set forth below; and (c) include a Toll-Free Number (as defined below) established, maintained, and administered by the Settlement Administrator that Class Members can call if they have any questions about the Settlement. Additionally, Short Form Notice # 1 shall: (a) include notice of the option to elect to receive the Settlement Benefit, defined below, in the form of a check or an automatic credit to a PayPal account; (b) instruct how to make such election via the Settlement Website (a hyperlink to the webpage address of the Settlement

7

Website where elections may be submitted electronically shall be provided in the email version of Short Form Class Notice # 1) or by mail; and (c) inform that such election must be made by the Cash Election Deadline, defined below.

9.      **Settlement Website and Toll-Free Number.**  By no later than the first date that any Short Form Notices are sent to Class Members, the Settlement Administrator shall establish an Internet website, at the URL [www.mcafeewilliamsonsettlement.com](http://www.mcafeewilliamsonsettlement.com) ("the "Settlement Website"), where Class Members can obtain further information about the Settlement and their rights, and, as applicable, submit Cash Elections, defined below, electronically.  The Settlement Website shall be optimized for display on mobile devices.  The Settlement Website shall be maintained by the Settlement Administrator until the administration of payments to Cash Payment Electors, defined below, is completed.  The Settlement Website shall include, and make available for download, a Long Form Class Notice, substantially in the form attached hereto as Exhibit 6.  The Long Form Class Notice shall:

a.      Inform Class Members of the material terms of the Settlement Agreement;

b.      Inform Class Members of their rights to opt-out of, as applicable, the Auto-Renewal Class and the Reference Price Class, or to object to the proposed Settlement, and of the applicable procedures and deadlines for doing so;

c.      Inform Class Members that if they do not opt-out of the Auto-Renewal Class or the Reference Price Class, they will be bound by the Settlement accordingly;

<ol type="a" start="4">
<li>

d.      Inform Class Members in the Auto-Renewal Class of the deadline by which they must make the Cash Election and regarding the applicable procedures for doing so;

e.      Inform Class Members that a Final Fairness Hearing to determine the fairness, reasonableness, and adequacy of the proposed Settlement will be held, and provide the date, time, and location of the Final Fairness Hearing; and

f.      Inform Class Members that the Court retains the right to reschedule the Final Fairness Hearing without further notice to them.
</li>
</ol>

The Settlement Website shall also include a printable and downloadable hard-copy Cash Election form that can be submitted via mail, and downloadable copies of: the Settlement Agreement, the operative complaints in the *Williamson* Case and the *Kirby* Case, the Preliminary Approval Order, and, after it is filed, Class Counsel's application for attorneys' fees and costs and for Named Plaintiff service awards, and any other pleadings or case documents that the Parties mutually agree should be included or as directed by the Court. The Settlement Website shall include an appropriate mechanism for Class Members to update their contact information. The Settlement Website shall also list a toll-free number for the Settlement Administrator ("Toll-Free Number") that Class Members can call if they have any questions about the Settlement. The Toll-Free Number shall be established by the Settlement Administrator and operational by no later than the first date that any Short Form Notices are sent to Class Members, and shall be maintained by the Settlement Administrator until the administration of payments to Cash Payment Electors is completed. Any content of the Settlement Website and Toll-Free Number

beyond the descriptions in this Settlement Agreement, including any information regarding the Settlement, will be subject to mutual agreement of the Parties.

10.     **The Class List and Email Notice.**  Within thirty (30) days following the entry of the Preliminary Approval Order, McAfee shall obtain from its records and provide to the Settlement Administrator a "Class List" that includes, for each Class Member: (a) the last known email address that McAfee possesses; (b) the last known mailing address that McAfee possesses; and (c) whether he or she is a member of the Auto-Renewal Class, the Reference Price Class, or both classes.  Within forty-five (45) days following the entry of the Preliminary Approval Order (the "Notice Date"), the Settlement Administrator shall email the applicable Short Form Notice (email versions) to each of the Class Members, sent to the email address listed for them in the Class List.  The email Short Form Notices shall be sent with the sender title "McAfee Class Action Settlement Claims Administrator" and the subject line "Notice of McAfee Class Action Settlement."  Once such notice is electronically mailed to Class Members, no further notice, whether by mail, publication, or otherwise, shall be required, except as provided in Paragraphs 9 and 11 herein.

11.     **Mailed Notice.**  For any Class Member for whom the Settlement Administrator receives notice that the email Short Form Notice sent to them was not received (i.e., a "bounce-back"), the Settlement Administrator shall update the mailing address for the Class Member in the Class List through the U.S Postal Service National Change of Address Database.  Within ten (10) days after all email Short Form Notices have been sent, the Settlement Administrator shall mail the applicable Short Form Notice (postcard version), via first class U.S. mail, in the form of a double-sided postcard, to all Class Members for whom a bounce-back notice was received at their mailing addresses as updated.  For any mailed Short Form Notices that are returned with

forwarding address information, the Settlement Administrator shall promptly re-mail the appropriate Short Form Notice to the new address indicated.

12.     **CAFA Notice.**  Within ten (10) days of the Named Plaintiffs' filing of the motion for preliminary approval of this Settlement Agreement with the Court, McAfee (through the Settlement Administrator) shall serve upon the appropriate State official of each State in which a Class Member resides and the United States Attorney General, a notice of the proposed Settlement, in accordance with 28 U.S.C. § 1715, shall provide a copy of such notice to Class Counsel, and shall file with the Court a notice of compliance with 28 U.S.C. § 1715.

13.     No later than seven (7) days before the Final Fairness Hearing, the Settlement Administrator shall file an affidavit confirming its implementation of the class notice procedures set forth in this Settlement Agreement.

## IV.     OPT-OUT AND OBJECTION PROCEDURES

14.     Any Class Member in the Auto-Renewal Class shall have the right to be excluded from (i.e., "opt-out" of), the Auto-Renewal Class.  Any Class Member in the Reference Price Class shall have the right to be excluded from (i.e., "opt-out" of) the Reference Price Class.  Any Class Member who is in both the Auto-Renewal Class and the Reference Price Class shall have the right to be excluded from (i.e., "opt-out" of) the Auto-Renewal Class only, the Reference Price Class only, or both the Auto-Renewal Class and the Reference Price Class.  Each individual who submits a timely and valid written request for exclusion will no longer be deemed a member of the class(es) from which that individual has requested exclusion as of the date the timely and valid written request for exclusion is postmarked.

15.     Each Class Member electing to opt-out of one or both classes must send a written request for exclusion, postmarked no later than forty-five (45) days after the Notice Date (the "Opt-Out Deadline"), addressed to the Settlement Administrator at the address listed in the Long

Form Class Notice.  The written request for exclusion must include the following information: (i) the case name (*Williamson/Kirby v. McAfee, Inc*); (ii) the name, address, and telephone number of the person opting out; and (iii) a clear statement that the person wishes to opt-out of the Auto-Renewal Class, the Reference Price Class, or both classes.[3]  The request for exclusion must be personally signed by the Class Member who seeks to opt out; no Class Member may opt out by having a request for exclusion submitted by an actual or purported agent or attorney acting on behalf of the Class Member.  No request for exclusion may be made on behalf of a group of Class Members.

16.     Class Members in the Auto-Renewal Class who do not timely (as measured by the postmark on such Class Member's written request for exclusion) and validly opt out of the Auto-Renewal Class, by written notice correctly directed and containing the requisite information as set forth in Paragraph 15 above, shall remain Class Members of the Auto-Renewal Class, and shall be bound by any order(s) of the Court regarding the Auto-Renewal Class and/or the Settlement as it relates to the Auto-Renewal Class.

17.     Class Members in the Reference Price Class who do not timely (as measured by the postmark on such Class Member's written request for exclusion) and validly opt out of the Reference Price Class, by written notice correctly directed and containing the requisite information as set forth in Paragraph 15 above, shall remain Class Members of the Reference Price Class, and shall be bound by any order(s) of the Court regarding the Reference Price Class and/or the Settlement as it relates to the Reference Price Class.

---

[3] Class Members who are in both the Auto-Renewal Class and the Reference Price Class who indicate in a timely and otherwise valid request for exclusion that they wish to opt-out of "the class," "the case," "the settlement," or who use other similar language that makes clear their intent to opt-out but does not specify whether their intent is to opt-out of one class or both classes, shall be treated as having opted-out of both the Auto-Renewal Class and the Reference Price Class.

18.     The Settlement Administrator shall promptly provide copies of any received requests for exclusion to Class Counsel and counsel for McAfee.  By no later than seven (7) days before the Final Fairness Hearing, the Settlement Administrator shall file with the Court a final list of individuals who have timely and validly opted out of the Auto-Renewal Class and the Reference Price Class.

19.     In the event that three percent (3%) or more of the total number of Class Members submit timely and valid requests for exclusion, McAfee shall have the right, in its sole discretion, to void the Settlement in its entirety.  Any such election must be made, in writing provided to Class Counsel, within seven (7) days of McAfee's receipt of notice that the number of timely and valid individual opt-outs has exceeded such threshold.

20.     Any Class Member may object to the Settlement (except to the extent that the Settlement relates only to a class in which the Class Member in question is not included based on the class definitions herein or from which the Class Member in question has timely and validly requested exclusion), Class Counsel's application for attorneys' fees and costs, and/or the request for Named Plaintiff service awards.  To be considered, an objection must be in writing, must be filed with or mailed to the Court, and mailed to Class Counsel and McAfee's counsel, at the addresses listed in the Long Form Class Notice, postmarked no later than forty-five (45) days after the Notice Date (the "Objection Deadline"), and must include the following: (i) the case caption; (ii) the name, address, and telephone number of the person objecting; (iii) the basis upon which the objector claims to be a Class Member; (iv) all grounds for the objection, accompanied by any legal and factual support; (v) whether the objector is represented by counsel, and if so the identity of such counsel; (vi) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; (vii) the identity of any counsel who will

appear at the Final Fairness Hearing on the objector's behalf; (viii) a list of any witnesses who may be called to testify at the Final Fairness Hearing, whether in person, by deposition, or affidavit; (ix) a list of any exhibits, and copies of same, which the objector may offer at the Final Fairness Hearing; and (x) the objector's signature. Class Members may ask the Court for permission to speak at the Final Fairness Hearing by sending a written request in compliance with the instructions provided in the Long-Form Class Notice or as otherwise permitted or directed by the Court.

21. No Class Member shall be entitled to contest in any way the approval of the terms and conditions of this Settlement Agreement, the Final Judgment and Order, any request for or award of attorneys' fees and costs to Class Counsel, or any request for or award of Named Plaintiff service awards, except by filing and serving a written objection in accordance with the provisions of this Settlement Agreement. Any Class Member who fails to object in the manner prescribed herein, shall be deemed to have waived, and shall be foreclosed forever from raising, objections to the Settlement, Class Counsel's application for attorneys' fees and costs, and the application for Named Plaintiff service awards.

22. Any Class Member who files an objection shall nevertheless be entitled to all benefits of the Settlement (except for benefits applicable only to a class in which the Class Member in question is not included based on the class definitions herein or from which the Class Member in question has timely and validly requested exclusion) if the Effective Date occurs.

## V.    FINAL FAIRNESS HEARING AND FINAL JUDGMENT AND ORDER

23. The Parties agree to petition the Court to hold a Final Fairness Hearing and for the Court to enter an order finally approving the Settlement ("Final Judgment and Order").

24. Pursuant to 28 U.S.C. § 1715(d), the Parties agree that the Final Fairness Hearing shall not be held, and no Final Judgment and Order shall issue, prior to ninety (90) days after

completion by McAfee of the notice requirement in 28 U.S.C. § 1715. The Parties further agree that, subject to the Court's schedule, such Final Fairness Hearing will be held within thirty (30) days after the Cash Election Deadline, or as soon thereafter as is convenient for and permitted by the Court.

25. Class Counsel shall file with the Court a motion for Final Judgment and Order within fifteen (15) days following the Notice Date. By no later than fourteen (14) days prior to the Final Fairness Hearing, the Parties shall file any responses to any objections and any replies in support of the motion for Final Judgment and Order and/or Class Counsel's application for attorneys' fees, costs, and Named Plaintiff service awards.

26. The Parties intend to seek a Final Judgment and Order, substantially in the form of Exhibit 7 attached hereto, that shall:

> a. Approve this Settlement Agreement without modification (except insofar as agreed upon by the Parties) as fair, reasonable, and adequate to the Named Plaintiffs and the Class Members, and direct its consummation according to its terms;
>
> b. Find that the form and manner of class notice implemented pursuant to this Settlement Agreement (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, the terms of the proposed Settlement, the right to object to the proposed Settlement or exclude themselves from the Auto-Renewal Class and the Reference Price Class, and the right to appear at the Final Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons

entitled to receive notice; and (iv) meets the requirements of state and federal due process, the Federal Rules of Civil Procedure, and any other applicable state and/or federal laws;

c. Find that all Class Members shall be bound by the Settlement Agreement as it relates to the class(es) in which each is a member, including the release provisions and covenant not to sue;

d. Direct that judgment be entered immediately dismissing with prejudice all individual and class claims asserted in the Litigation and ruling that no costs or fees be assessed on either party other than as expressly provided in this Settlement Agreement;

e. Incorporate the release and related provisions set forth below in Paragraphs 44-54 of this Settlement Agreement and forever bar any Released Claims (as defined below) against the McAfee Released Parties (as defined below);

f. Approve payment of the benefits to the Class Members consistent with Section VI below and make any necessary findings with regard to same;

g. Award attorneys' fees and costs as described in Paragraphs 38-40 below and make any necessary findings with regard to such award; and

h. Award the Named Plaintiffs service awards as the Court deems appropriate, as described in Paragraph 41 below, and make any necessary findings with regard to such awards;

i.     Retain jurisdiction of all matters relating to the interpretation, administration, implementation, and enforcement of this Settlement Agreement.

27.     The "Effective Date" of this Settlement Agreement shall be five (5) business days after all of the following events have occurred: (a) The Final Judgment and Order has been entered by the Court; and (b) the time for seeking rehearing or appellate or other review has expired, and no appeal or petition for rehearing or review has been timely filed; or the Settlement Agreement is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal, or certiorari could be taken has finally expired.

## VI.    BENEFITS TO THE SETTLEMENT CLASSES

28.     Members of the Auto-Renewal Class shall each receive a benefit of $11.50 (the "Settlement Benefit"). As set forth below, any Class Member eligible to receive the Settlement Benefit may elect to have that benefit paid in the form of a mailed check or as a direct credit to a PayPal account, at that member's option as set forth below; otherwise, as set forth below, they will receive the Settlement Benefit as an electronic code which may be used as a credit towards any McAfee or Intel Security consumer purchase (a "Value Certificate").

29.     Any member of the Auto-Renewal Class may, at his or her option, elect to receive the $11.50 Settlement Benefit as cash by submitting a cash election form ("Cash Election") within seventy (70) days of the Notice Date (the "Cash Election Deadline"). The Cash Election form shall be substantially in the form attached hereto as Exhibit 8. Cash Elections may be submitted electronically via the Settlement Website, or by mail. For Cash Elections submitted by mail, the Cash Election Deadline shall be a postmark deadline. Both the email and postcard versions of Short Form Notice # 1 shall identify both the Cash Election Deadline and the

webpage address where Cash Elections may be submitted electronically via the Settlement Website. The email version of Short Form Notice # 1 shall include a hyperlink to the webpage address where Cash Elections may be submitted electronically via the Settlement Website. Both the email and postcard versions of Short Form Notice # 1 shall include unique personal identification numbers to facilitate the submission of Cash Elections.

30. The Settlement Administrator shall provide weekly reports to Class Counsel and McAfee regarding the number of timely and valid Cash Elections submitted.

31. Members of the Auto-Renewal Class who submit timely, valid Cash Elections (the validity to be determined by the Settlement Administrator) shall be deemed "Cash Payment Electors," and shall receive their Settlement Benefit, as follows:

   a. Within five (5) days following the Effective Date, the Settlement Administrator shall provide McAfee and Class Counsel with a report (the "Funding Report") of the total number of Cash Payment Electors and the total aggregate dollar amount of the payments that are due to the Cash Payment Electors.

   b. Within twenty (20) days following the Effective Date, McAfee shall transfer to the Settlement Administrator the full amount of the funds necessary to satisfy all of the payments due to the Cash Payment Electors as indicated in the Funding Report. The Settlement Administrator shall deposit such funds into an account held by an FDIC-insured financial institution (the "Cash Payment Account").

   c. For Cash Payment Electors who submit their Cash Elections by mail, within forty-five (45) days following the Effective Date, the Settlement

Administrator shall mail them a check, in the amount of $11.50 and drawn from the Cash Payment Account, to the mailing address provided in their Cash Election form or, if a complete mailing address is not provided in their Cash Election form, to the mailing address included for them in the Class List as updated.

d.  For Cash Payment Electors who submit their Cash Elections electronically via the Settlement Website, they shall be given the option—electronically, immediately following the submission of their Cash Election—to receive their payment by: (i) mailed check; or (ii) direct credit to a PayPal account, as provided by the Cash Payment Elector.  The option for receiving payments in these forms shall be presented to the Cash Payment Elector after the Cash Election has been completed and submitted.  The default, if no option is selected, will be that the Cash Payment Elector will receive their payment by mailed check, and the failure to make a selection as to the form of receiving the cash payment shall not invalidate a Cash Payment Elector's Cash Election.

i.  For online Cash Payment Electors who elect to receive their payment by mailed check or who make no election regarding the form of their cash payment, within forty-five (45) days following the Effective Date, the Settlement Administrator shall mail them a check, in the amount of $11.50 and drawn from the Cash Payment Account, to the mailing address provided in their Cash Election form or, if a complete mailing address is not provided in their Cash Election form, to the mailing address included for them in the Class List as updated.

ii. For online Cash Payment Electors who elect to receive their payment by direct credit to a PayPal account, within forty-five (45) days following the Effective Date, the Settlement Administrator shall cause the PayPal account provided by the Cash Payment Elector to be credited in the amount of $11.50, paid from the Cash Payment Account. To the extent the Settlement Administrator is unable to successfully effect a direct credit to the PayPal account provided by a Cash Payment Elector, the Settlement Administrator shall promptly cancel the relevant crediting and mail them a check, in the amount of $11.50 and drawn from the Cash Payment Account, to the mailing address provided in their Cash Election form or, if a complete mailing address is not provided in their Cash Election form, to the mailing address included for them in the Class List as updated.

e. Mailed payment checks to Cash Payment Electors shall be valid for ninety (90) days. To the extent any payment checks are returned with forwarding address information, the Settlement Administrator shall re-mail a check to the new address indicated. To the extent any payment checks are returned undeliverable without forwarding address information, the Settlement Administrator shall make reasonable efforts to promptly identify an updated address and promptly re-mail a check to the extent an updated address is identified. Upon request by a Cash Payment Elector made at least ten (10) days prior to expiration of the initial, un-negotiated check and as appropriate, the Settlement Administrator shall re-issue and re-mail un-negotiated payment checks. The expiration date for any re-issued checks shall be later of: (a) the

expiration date of the initial, un-negotiated check; or (b) thirty (30) days after issuance of the re-issued check.

    f.  Any amounts remaining in the Cash Payment Account after the expiration date for all checks issued pursuant to this Settlement shall remain the property of McAfee. Pursuant to the provisions herein, the Parties agree that all Class Members waive and abandon any ownership interest in any checks not negotiated by the expiration date printed on them and further agree that no obligation has been generated or proven with respect to such non-negotiated checks.

32.    Any member of the Auto-Renewal Class who is not a Cash Payment Elector ("Non-Cash Electors") shall receive the Settlement Benefit in the form of a $11.50 Value Certificate, to be sent by the Settlement Administrator within forty-five (45) days of the Effective Date, as follows:

    a.  except for those Non-Cash Electors covered by subsection b of this Paragraph 32, the Value Certificate (including a corresponding redemption code) shall be sent via email to the email address included for them in the Class List; or

    b.  for those Non-Cash Electors for whom the Settlement Administrator received notice that their email Short Form Notice # 1 was not received (i.e., a "bounce-back"), the Value Certificate shall be sent via first class mail to the mailing address included for them in the Class List as updated.

33.    The redemption codes for the Value Certificates described in Paragraph 32, above, may be applied to any purchase from McAfee of any McAfee or Intel Security consumer products, including McAfee or Intel Security consumer software licenses (including new

purchases, manual renewals, or auto-renewals).[4]  Such Value Certificates shall be valid for 150 days after issuance, must be used in a single purchase, are not redeemable for cash, and cannot be transferred.  McAfee shall provide an appropriate mechanism to allow Non-Cash Electors to apply the Value Certificates to their next McAfee software auto-renewal, regardless of whether such auto-renewal is scheduled to occur before or after the Value Certificate expiration date. The Value Certificates may be applied to discounted and promotional pricing offered by McAfee, to a minimum price of zero (i.e., no cash refund will be available if use of a Value Certificates would drop a transaction below $0.00).

34.     The Value Certificates received by the Non-Cash Electors shall not be considered a "gift certificate" as that term is used in California Civil Code sections 1749.45-1749.6, 12 CFR 205.20, or any other federal or state law, statute, or regulation which imposes requirements on gift certificates or gift cards.  The parties agree that the Value Certificates received by the Non-Cash Electors shall not be subject to any such law (including, but not limited to, California Civil Code sections 1749.45-1749.6 and 12 C.F.R. § 205.20).  For the avoidance of doubt, any law, statute, or regulation which precludes the sale or issuance of gift certificates or gift cards with expiration dates does not apply to the Value Certificates received by the Non-Cash Electors; as provided herein, the Value Certificates received by the Non-Cash Electors will expire 150 days after issuance, and the Parties agree that the expiration of the Value Certificates does not violate

---

[4] The Value Certificates will not be usable for purchases through TrueKey (www.truekey.com) or for purchases made through McAfee's in-product payment tool.  With respect to the in-product payment tool, for the full duration of the time period in which any Value Certificates are redeemable, McAfee will either: (a) (i) include language, at the point of sale in the in-product payment tool, notifying customers that if they wish to redeem a Value Certificate in connection with their purchase, they must make their purchase through a different McAfee purchase channel, and (ii) provide a link that redirects the customer to a different McAfee purchase channel where the product in question is available to that customer for the same price at which it is available to them through the in-product payment tool and where the Value Certificate can be redeemed; or (b) disable the in-product payment tool entirely.

any federal or state laws. The Named Plaintiffs and all Class Members agree that they will not assert or claim that the Value Certificates received by the Non-Cash Electors are subject to California Civil Code sections 1749.45-1749.6, 12 CFR 205.20, or any other federal or state law, statute, or regulation which imposes requirements on Value Certificates and hereby release McAfee from any such claims.

35.     Each member of the Auto-Renewal Class agrees that he or she is solely responsible for his or her tax liability, if any, under federal and state tax laws arising from the conferral of the Settlement Benefits described above. McAfee shall have no obligations regarding taxes or the taxability of any payments to the members of the Auto-Renewal Class pursuant to this Settlement. McAfee makes no representations or warranties, express or implied, to any member of the Auto-Renewal Class regarding the tax consequences of the conferral of the Settlement Benefits described above, and members of the Auto-Renewal Class have not relied on any such representation or warranty.

36.     The Parties agree to negotiate in good faith to resolve any dispute by a Class Member concerning any relief the Class Member alleges he or she is entitled to under this Settlement Agreement ("Dispute"). A Dispute shall be initiated by serving a written notice on Class Counsel (unless the Dispute is initiated on the Class Member's behalf by Class Counsel) and counsel for McAfee postmarked within thirty (30) days of the action and/or inaction giving rise to the Dispute ("Notice of Dispute"). The Notice of Dispute shall include such Class Member's name, address, telephone number and a detailed description of the Dispute. Any Dispute that the Parties cannot resolve between themselves may be submitted to the Court, which will retain jurisdiction to resolve any such Dispute. Objections to the Settlement filed by Class

Members pursuant to Paragraph 20 shall not constitute Disputes, and the provisions of this paragraph shall not be applicable to such objections.

37. In addition to the Settlement Benefit described above, McAfee agrees to do the following:

      a. For two (2) years following final approval by the Court of the Settlement, McAfee will include at the point of sale in any sales process involving sales made by McAfee (for clarity, excluding retailers or other third parties, whether or not contractually permitted to sell McAfee software products) at a discount off a reference price and subject to automatic renewal (including for sales made through the McAfee website and through the in-software purchase path), the following or materially similar language: "Your subscription(s) will be automatically renewed at the undiscounted subscription price in effect at the time of renewal. The subscription price is subject to change." A hyperlink shall be provided that links to a webpage that includes the current undiscounted subscription price for the applicable McAfee software or McAfee shall display the undiscounted subscription price (labeled the "undiscounted subscription price") for the applicable McAfee software on the point of sale webpage. Substantially similar disclosures will be added to a FAQ or informational page on McAfee's website, to notices sent by McAfee to subscribers in connection with automatic-renewal, and to McAfee's End User License Agreement.

      b. For two (2) years following final approval by the Court of the Settlement, where McAfee itself (for clarity, excluding retailers or other third parties,

whether or not contractually permitted to sell McAfee software products) includes a reference price in its promotions, notices, advertisements or at the point-of-sale (including through the McAfee homepage and through the in-software purchase path), for any McAfee software product offered by McAfee to United States consumers: (a) McAfee will use as such reference price only a price at which McAfee has offered that software product on the McAfee homepage to the public for at least 45 days within the preceding calendar quarter; and (b) McAfee will offer that software product on the McAfee homepage to the public at a non-sale price for at least 45 days within the current calendar quarter. For the avoidance of doubt, nothing in the foregoing will restrict McAfee's right to revise its list or non-sale prices at any time, provided that such list or non-sale prices may be used as a reference price only once re-established according to the terms of this paragraph. Thus, and as an example only, McAfee could offer a software product at a non-sale price of $90 for at least 45 days in Q1, at a sale or discount from $90 to $60 for 45 days in Q2, and also in Q2 revise its list pricing to offer a non-sale price for such product of $95 for 45 days of Q2, after which McAfee could offer a sale or discount from $95 to $65 for 45 days in Q3 for the product.

## VII. ATTORNEYS' FEES AND EXPENSES; SERVICE AWARDS FOR NAMED PLAINTIFFS

38. In addition to the payments and other benefits for the Class Members described above, Class Counsel may seek from the Court, and McAfee agrees that it will not oppose, an award of attorneys' fees and costs not to exceed $2,400,000 in total. The Parties negotiated this amount at arms-length with the assistance of mediator Eric Green after agreement was reached

on the settlement benefits for the Auto-Renewal Class and the Reference Price Class. Class Members agree that they will not seek, by motion to the Court or otherwise, attorneys' fees or costs in excess of, in addition to, or beyond $2,400,000.

39. McAfee shall make a payment to Class Counsel of the total attorneys' fees and costs awarded by the Court, not to exceed $2,400,000, by wire transfer to an account designated by Class Counsel, within seven (7) days after the later of the Effective Date and Class Counsel's provision to McAfee of the requisite wire transfer instructions.

40. Class Counsel shall be solely responsible for allocating any Court-awarded attorneys' fees and costs and distributing each participating firm's allocated share of such attorneys' fees and costs to that firm, and McAfee shall have no responsibility for distribution of attorneys' fees and costs among participating firms. Except as set forth herein, McAfee shall have no other payment obligations owed to Class Counsel or any other counsel for Class Members relating to the Litigation for any amount, individually or collectively, directly or indirectly, however denominated or for whatever purpose incurred.

41. Class Counsel may seek from the Court, and McAfee agrees not to oppose, service awards, in an amount not to exceed $1,250 each, for the Named Plaintiffs, to compensate them for their time and commitment in the Litigation. Any application for service awards will be based on the Named Plaintiffs' time and commitment in the Litigation, and not on their support for the Settlement Agreement. The Named Plaintiffs shall not receive more than $1,250 each, in addition to any recovery to which they are entitled pursuant to Section VI of this Settlement Agreement. McAfee shall have no other payment obligations owed to the Named Plaintiffs for any amount, individually or collectively, directly or indirectly, however denominated or for whatever purpose allegedly incurred. Any service awards granted by the Court, not to exceed

$1,250 each, shall be remitted by McAfee to Class Counsel at the same time and in the same manner that McAfee makes payment to Class Counsel pursuant to Paragraph 39 above. Class Counsel shall be responsible for distributing the service awards to the Named Plaintiffs.

42. Class Counsel shall file their application for attorneys' fees and costs, and for any service awards for the Named Plaintiffs, within fifteen (15) days following the Notice Date. After it is filed, such application shall be posted on the Settlement Website.

43. In the event the Court declines to approve, in whole or in part, the payment of attorneys' fees and costs, or the payment of service awards, in the amounts that Class Counsel requests, the remaining provisions of this Settlement Agreement shall remain in full force and effect. No order of the Court declining to approve, in whole or in part, the payment of attorneys' fees and costs or the payment of service awards, or modification or reversal or appeal of any order of the Court that has the effect of declining to approve, in whole or in part, the payment of attorneys' fees and costs or the payment of service awards, shall constitute grounds for cancellation or termination of this Settlement Agreement.

## VIII. THE RELEASE AND COVENANT NOT TO SUE

44. On the Effective Date of this Settlement Agreement, for good and valuable consideration to the McAfee Released Parties, the receipt and sufficiency of which is hereby acknowledged, Named Plaintiffs and (insofar as possessing rights on behalf of a Named Plaintiff) their respective current and former spouses, assigns, heirs, successors, attorneys, executors, trustees, agents, personal and legal representatives, subsidiaries, affiliates, officers, directors, and employees (the "Named Plaintiff Releasing Parties") fully and forever release, acquit, and discharge McAfee and its affiliates, parents, and subsidiaries, its and their respective owners, shareholders, parents, affiliates, subsidiaries, divisions, predecessors, successors, assigns, insurers, employees, contractors, administrators, brokers and vendors (with regard to the

brokers/vendors' provision of services to or on behalf of McAfee), agents (including but in no way limited to any person or entity that Named Plaintiffs have alleged to be an agent of McAfee), officers, directors, principals, law firms, and legal representatives, as well as the heirs, personal representatives, executors, administrators, predecessors, successors, and assigns of each of the foregoing, and all persons acting by, through, under, or in concert with them, or any of them, in each case past and present (collectively referred to as the "McAfee Released Parties") collectively, separately, individually and severally, from any and all accusations, actions, agreements, allegations, arbitrations, causes of action, charges, claims, contracts, controversies, damages, demands, disputes, grievances, judgments, liabilities, liens, obligations, promises, and rights of any and every kind, whether based in common law, contract, equity, tort, statute, or on any other theory of recovery, whether known or unknown, whether fixed or contingent, and including suits of any kind whatsoever, as well as all forms of relief and remedies, including all benefits, civil penalties, claims in equity and for equitable relief, costs, damages (including compensatory, exemplary, general, liquidated, punitive, special, and statutory damages), debts, declarations, expenses, injunctions, interest, liabilities, losses, penalties, and attorneys' and other professionals' fees and disbursements, and any other form of relief or remedy in law or equity, of whatever kind or nature, including, without limitation, those (i) claiming compensation, money damages, equitable or other type of relief; (ii) based on any federal, state, or municipal statute, law, ordinance, or regulation; (iii) based on common law or public policy; or (iv) sounding in tort or contract, whether oral or written, express or implied, law or equity, statutory or common law, or any other causes of action (collectively "Claims") that any Named Plaintiff Releasing Party, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the McAfee Released Parties from the beginning of the

world through the Effective Date (collectively, the "Named Plaintiff Released Claims").  It is expressly intended and understood by the parties that this Settlement Agreement is to be construed as a complete settlement, accord, and satisfaction of the Named Plaintiff Released Claims.

45.     On the Effective Date of this Settlement Agreement, in consideration of the benefits provided pursuant to this Settlement Agreement, the receipt and sufficiency of which are hereby acknowledged, except insofar as, and only to the extent that, a Class Member has submitted a timely and valid request to be excluded from the Auto-Renewal Class and/or the Reference Price Class pursuant to Paragraph 15 above, all Class Members, and (insofar as possessing rights in this Litigation on behalf of a Class Member) their respective current and former spouses, assigns, heirs, successors, attorneys, executors, trustees, agents, personal and legal representatives, subsidiaries, affiliates, officers, directors, and employees (collectively, the "Class Member Releasing Parties") fully and forever release, acquit, and discharge the McAfee Released Parties, collectively, separately, individually and severally, from any and all Claims (i) arising from or relating directly or indirectly to the facts alleged or asserted in the Litigation, or (ii) which were or could have been asserted based on the facts asserted in the Litigation, and including but in no way limited to any claims related directly or indirectly to those claims raised by Plaintiffs in any pleading, motion, or brief, which the Class Member Releasing Parties, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the McAfee Released Parties from the beginning of the world through the Effective Date (collectively, the "Class Member Released Claims").  It is expressly intended and understood by the parties that this Settlement Agreement is to be

construed as a complete settlement, accord, and satisfaction of the Class Member Released Claims.[5]

46.     Upon the Effective Date of this Settlement Agreement, for good and valuable consideration to the McAfee Released Parties, the receipt and sufficiency of which is hereby acknowledged, the McAfee Released Parties fully and forever release, acquit, and discharge the Named Plaintiffs, collectively, separately, individually and severally, from any and all manner of Claims that any McAfee Released Party, whether directly, representatively, derivatively, or in any other capacity, ever had, now has, or hereafter can, shall, or may have against the Named Plaintiffs,  from the beginning of the world through the Effective Date.

47.     All Releasing Parties acknowledge that they are releasing both known and unknown and suspected and unsuspected claims and causes of action and are aware that they may hereafter discover legal or equitable claims or remedies presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the allegations in and subject matter of the Litigation or otherwise with respect to the Released Claims.  Nevertheless, it is the intention of all Releasing Parties to fully, finally, and forever settle and release all Released Claims which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in the Litigation) from the beginning of the world through the Effective Date.

48.     The releases by the Releasing Parties set forth in Paragraphs 44 to 47 shall be jointly termed the "Release."  The Release shall be self-executing as of the Effective Date.

---

[5] The Named Plaintiff Releasing Parties and Class Member Releasing Parties are referred to collectively herein as the "Releasing Parties."  The Named Plaintiff Released Claims and Class Member Released Claims are referred to collectively herein as the "Released Claims."

49.     The Releasing Parties hereby expressly acknowledge certain principles of law applicable in some states that limit the application of a release, including statutes or laws similar, comparable or equivalent to Section 1542 of the Civil Code of the State of California, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

Notwithstanding the choice of law provision in this Settlement Agreement, and to the full extent that California or any other law may be applicable, the Releasing Parties hereby agree that the provisions of Section 1542 of the Civil Code of the State of California and all similar, comparable or equivalent federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable, are hereby knowingly and voluntarily waived and relinquished by the Releasing Parties. The Releasing Parties agree and acknowledge that this provision and the inclusion of unknown and unsuspected claims in the Release were separately bargained for and are essential terms of this Settlement Agreement and Release.

50.     The Releasing Parties further covenant and agree that (i) they will not sue or bring any action or cause of action, including by way of third-party claim, cross-claim, or counterclaim, against any of the McAfee Released Parties in respect of any Released Claims; (ii) they will not initiate or participate in bringing or pursuing any class action against any of the McAfee Released Parties in respect of any Released Claims; and (iii) they will not voluntarily and knowingly assist any third party in initiating or pursuing a class action suit in respect of any Released Claims.

51.     The Releasing Parties further covenant and agree that if a third party, including but not limited to any private attorney general or plaintiff pursuant to Section 17200 of the California Business and Professions Code, brings any claim released herein on their behalf, such Class Member Releasing Party or Named Plaintiff Releasing Party, as applicable, shall waive all right to monetary or other recovery of any kind from such claim, and hereby assigns any such recovery to McAfee.

52.     The Release may be raised as a complete defense to bar any action, claim, or demand brought in contravention of this Settlement Agreement.

53.     The Release does not bar any Releasing Party or McAfee Released Party from bringing an action, claim, or demand to enforce the terms of this Settlement Agreement.

54.     It is expressly understood and acknowledged by the Parties that the provisions of the Release constitute essential and material terms of the Settlement Agreement to be included or incorporated by reference in the Final Order and Judgment entered by the Court.

## IX.     NO ADMISSION OF LIABILITY

55.     McAfee denies Plaintiffs' allegations, denies that the Litigation is suitable for class treatment under any circumstances other than settlement, and denies liability to Plaintiffs. It is specifically agreed that the execution of this Settlement Agreement is not, and shall not be construed as, an admission of wrongdoing or liability by McAfee, an admission that McAfee violated any provision of law, or an admission that McAfee concedes that class treatment of the Litigation is appropriate under any circumstances other than settlement.  McAfee considers it desirable that this action and the claims alleged therein be settled upon the terms and conditions set forth in this Settlement Agreement in order to avoid further expense and burdensome, protracted litigation, and to put to rest the Released Claims described herein.

## X.    TOTAL RELIEF

56.    The Parties expressly agree that under no circumstances whatsoever shall McAfee be responsible for paying any monies, benefits, costs, expenses, or attorneys' fees in settlement of this Litigation other than as expressly provided for in this Settlement Agreement, nor will McAfee be required to take any action heretofore or incur any liability or pay an expense or be required to do any other thing, except as expressly provided herein.

## XI.    EVIDENTIARY EFFECT OF SETTLEMENT AGREEMENT

57.    Neither this Settlement Agreement nor any related documents, negotiations, statements, or court proceedings shall be construed as, received as, used as, or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including but not limited to McAfee, or as a waiver by McAfee of any applicable defense to the merits of the claims asserted or to Named Plaintiffs' ability to maintain this action as a class action.

## XII.    CONFIDENTIALITY AND NON-DISPARAGEMENT

58.    The Parties and their counsel shall not publicly disparage each other, and shall not issue any press release, solicit any media inquiries, or initiate any contact with Class Members, whether directly or through generally accessible platforms such as Facebook, regarding the Settlement or the Litigation.   Class Counsel are not prohibited from identifying the settlement on their respective firm websites, with a link to the Settlement Website, or from responding to any inquiry initiated by a Class Member.   If, after the motion for preliminary approval has been publicly filed, any party or their counsel receives any inquiry from the press regarding this Settlement, such party or counsel shall make no comment other than to say that the "Litigation has been settled to the mutual satisfaction of the Parties" and/or to refer the inquirer to the Settlement Website.   For purposes of this paragraph, the press shall be defined to include both

traditional news outlets (print, radio, and television) as well as any agent of any internet website, including any "blog" or "vlog."

## XIII. CHOICE OF LAW

59.     This Settlement Agreement, including the Exhibits hereto, shall be governed by the laws of the State of Delaware without regard to application of the choice of law rules of any jurisdiction.  So long as this Settlement Agreement is valid and enforceable under the laws of the State of Delaware, the Parties agree that no statutory or common law of any other state shall be used to invalidate or render unenforceable any part of this Settlement Agreement.

## XIV. MISCELLANEOUS PROVISIONS

60.     The failure of any party to exercise any rights hereunder shall not constitute waiver of the right to the later exercise thereof, except as expressly provided herein.  No delay on the part of any party in exercising any power or right hereunder will operate as a waiver thereof nor will any single or partial exercise of any power or right hereunder preclude other or further exercises thereof or the exercise of any other power or right, except as expressly provided herein.

61.     The Parties agree to undertake their reasonable best efforts, including all steps and efforts contemplated by this Settlement Agreement and any other reasonable steps and efforts that may be necessary or appropriate, by court order or otherwise, to carry out the terms and objectives of this Settlement Agreement.

62.     The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

63.     None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of

interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

64.     This Settlement Agreement constitutes the full and entire agreement among the Parties with regard to the subject matter hereof and supersedes all prior representations, agreements, promises, or warranties, written, or oral or otherwise, made by any party.  No party shall be liable or bound to any other party for any prior representation, agreement, promise, or warranty, oral or otherwise, except for those that are expressly set forth in this Settlement Agreement.  This Settlement Agreement shall not be modified in any respect except by a writing executed by and among the Parties.  Each party has undertaken its own investigation of the relevant facts and law and has concluded that this Settlement Agreement is in the best interests of that party.  No party has relied on any representation made by any other party in deciding whether to enter into this Settlement Agreement.

65.     Each party hereto warrants and represents to the other that the party signing this Settlement Agreement on behalf of the respective Parties is duly authorized to sign this Settlement Agreement and that this Settlement Agreement is binding and enforceable as to each of the respective Parties.

66.     This Settlement Agreement may be executed in separate counterparts without each party signing the same, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument, and each such counterpart shall constitute one and the same agreement; provided, however, this Settlement Agreement shall not be binding until it has been executed by everyone for whom a signature line has been provided.  This Settlement Agreement shall become effective upon the Effective Date.

67.     As agents for the receipt of communications among the parties relating to this Settlement Agreement, Plaintiffs appoint: (i) Roger N. Heller, Lieff Cabraser Heimann & Bernstein LLP, 275 Battery Street, 29th Floor, San Francisco, CA 94111, rheller@lchb.com; and (ii) Robert Ahdoot, Ahdoot & Wolfson, PC, 1016 Palm Avenue, West Hollywood, CA 90069, rahdoot@ahdootwolfson.com, and McAfee appoints David Kurtzer-Ellenbogen, Williams & Connolly LLP, 725 12th Street, N.W., Washington, D.C. 20005, dkurtzer@wc.com.   Any communication made in connection with this Settlement Agreement shall be deemed to have been served when: (a) sent by overnight delivery or registered or certified mail postage prepaid or delivered in person at the addresses designated in this paragraph; or (b) sent by email to the email addresses designated in this paragraph.  The Parties may modify their designated agents for receipt of communications, by sending a communication regarding same in accordance with this paragraph.

IN WITNESS WHEREOF the parties and their counsel have caused this Settlement Agreement to be duly executed.


_Sam Williamson_ _____     Date: 7/14/2016
—— 6481A78AE8DB4D9...
Sam Williamson


_____     Date:
Samantha Kirby


Intel Security (formerly known as McAfee, Inc.)     Date:

By: _____
Title: _____
Date: _____


Reviewed and approved by


By: _____     Date:
    Class Counsel


By: _____     Date:
    Class Counsel


By: _____     Date:
    Class Counsel

IN WITNESS WHEREOF the parties and their counsel have caused this Settlement Agreement to be duly executed.

_____     Date:
Sam Williamson

*Samantha Kirby*     Date: 7/14/16
Samantha Kirby

Intel Security (formerly known as McAfee, Inc.)     Date:

By:     _____
Title:  _____
Date:   _____

Reviewed and approved by

By:     _____     Date:
        Class Counsel


By:     _____     Date:
        Class Counsel


By:     _____     Date:
        Class Counsel

IN WITNESS WHEREOF the parties and their counsel have caused this Settlement Agreement

to be duly executed.


_____        Date:
Sam Williamson


_____        Date:
Samantha Kirby


Intel Security (formerly known as McAfee, Inc.)        Date:
for Intel Corporation
By:   _Tanya Hunter_____
Title: _Associate General Counsel_
Date: _July 14, 2016_


Reviewed and approved by


By:   _____        Date:
      Class Counsel


By:   _____        Date:
      Class Counsel


By:   _____        Date:
      Class Counsel

IN WITNESS WHEREOF the parties and their counsel have caused this Settlement Agreement to be duly executed.

_____     Date:
Sam Williamson


_____     Date:
Samantha Kirby


Intel Security (formerly known as McAfee, Inc.)     Date:

By:      _____
Title:   _____
Date:   _____


Reviewed and approved by

By:    _____     Date:   7/14/16
       Class Counsel


By:    _____     Date:
       Class Counsel


By:    _____     Date:
       Class Counsel

IN WITNESS WHEREOF the parties and their counsel have caused this Settlement Agreement
to be duly executed.

<br>

_____          Date:
Sam Williamson


<br>

_____          Date:
Samantha Kirby


<br>

Intel Security (formerly known as McAfee, Inc.)          Date:

By:      _____
Title:   _____
Date:    _____


Reviewed and approved by

By:      _____          Date:
         Class Counsel


By:      _____          Date: 7/14/2016
         Class Counsel


By:      _____          Date:
         Class Counsel

IN WITNESS WHEREOF the parties and their counsel have caused this Settlement Agreement to be duly executed.

_____     Date:
Sam Williamson


_____     Date: July 14, 2016
Samantha Kirby


Intel Security (formerly known as McAfee, Inc.)     Date:

By:      _____
Title:   _____
Date:    _____


Reviewed and approved by

By:      _____     Date:
         Class Counsel


By:      _____     Date:
         Class Counsel


By:      _____     Date: July 14, 2016
         Class Counsel

EXHIBIT 1

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAM WILLIAMSON, individually and on behalf of all others similarly situated,

               Plaintiff,

    v.

MCAFEE, INC.,

               Defendant.

Case No. 5:14-cv-02475-EJD

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

Honorable Edward J. Davila

---

SAMANTHA KIRBY, individually and on behalf of all others similarly situated,

               Plaintiff,

    v.

MCAFEE, INC.,

               Defendant.

Case No.  5:14-cv-02475-EJD

This matter comes before the Court upon Plaintiffs' Motion for Preliminary Approval of Class Settlement. The Parties have entered into a Class Action Settlement Agreement and Release (the "Settlement Agreement") which, if approved, would resolve the above-captioned actions (collectively, the "Litigation"). Upon review and consideration of the motion papers, the argument presented regarding the motion, and the Settlement Agreement including all exhibits thereto, the Court finds that there is sufficient basis for: (1) granting preliminary approval of the Settlement Agreement; (2) provisionally certifying the Auto-Renewal Class and Reference Price Class for settlement purposes only; (3) appointing Class Counsel and the Named Plaintiffs to represent the Auto-Renewal Class and Reference Price Class; (4) approving the Parties' proposed notice program and forms of notice, and directing that notice be disseminated to the members of the Auto-Renewal Class and Reference Price Class (together, the "Class Members") pursuant to the notice program provided in the Settlement Agreement; (5) approving the procedures set forth in the Settlement Agreement for Class Members to exclude themselves from the Auto-Renewal Class and Reference Price Class, and to object to the Settlement; (6) appointing a Settlement Administrator to conduct the duties assigned to that position in the Settlement Agreement; and (7) setting a hearing (the "Final Fairness Hearing"), at which the Court will consider: (a) whether to grant final approval of the Settlement Agreement; (b) Class Counsel's application for attorneys' fees and costs; and (c) any request for service awards for the Named Plaintiffs.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and has personal jurisdiction over the Parties. Venue is proper in this District.

3. The Auto-Renewal Class and Reference Price Class, defined below, are provisionally certified, for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3) and 23(e).

4. The Auto-Renewal Class is defined as follows: All persons in the United States who paid McAfee for the automatic renewal of a subscription license for any McAfee software

(including software branded under the "McAfee" or "Intel Security" name) from January 10, 2010 to February 10, 2015, and whose first auto-renewal charge was at a price greater than the price paid to McAfee for the initial subscription license. The Auto-Renewal Class shall not include any person whose charges as described above were fully refunded by McAfee or fully charged back through such person's credit or debit card issuer.

5. The Reference Price Class is defined as follows: All persons in the United States (1) who initially purchased from McAfee or manually renewed through McAfee a subscription license for any McAfee software (including software branded under the "McAfee" or "Intel Security" name) from January 10, 2010 to February 10, 2015, and (2) whose subscription license was initially purchased or manually renewed at a discounted price.

6. Excluded from the Auto-Renewal Class and Reference Price Class are: employees of McAfee and its parents and affiliates (including Intel Corporation), counsel for all Parties, the Judge presiding over the Litigation, and the staff of the Court.

7. The Court finds that, for settlement purposes only, the Auto-Renewal Class and Reference Price Class, as defined above, meet the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3)—namely, that for settlement purposes, (1) the Class Members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) the Named Plaintiffs' claims are typical of those of the Class Members; (4) the Named Plaintiffs and Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Class Members; and (5) common questions predominate and a class action is superior to other available methods of adjudication.

8. Certification of the Auto-Renewal Class and Reference Price Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect.

9. The Court preliminarily approves the proposed Settlement Agreement as fair, reasonable and adequate, entered into in good faith, free of collusion, and within the range of possible judicial approval. The Court notes that the Settlement Agreement was reached through

extensive arms-length negotiations assisted by an experienced mediator, Eric Green of Resolutions, LLC.

10.     The Court appoints Named Plaintiffs Sam Williamson and Samantha Kirby as class representatives for the Auto-Renewal Class and Reference Price Class.

11.     The Court appoints the following as Class Counsel for the Auto-Renewal Class and Reference Price Class, pursuant to Federal Rule of Civil Procedure 23(g):  Lieff Cabraser Heimann & Bernstein LLP (Michael W. Sobol and Roger N. Heller), Hattis Law (Daniel M. Hattis), and Ahdoot & Wolfson, PC (Robert Ahdoot and Tina Wolfson).

12.     The Court appoints Angeion Group ("Angeion") to serve as the Settlement Administrator, and directs Angeion to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement.

13.     The Court approves the program for disseminating notice to Class Members set forth in the Settlement Agreement (herein, the "Notice Program").  The Court approves the form and content of the proposed forms of notice, in the forms attached as Exhibits 2 through 6 to the Settlement Agreement.  The Court finds that the proposed forms of notice are clear and readily understandable by Class Members.  The Court finds that the Notice Program, including the proposed forms of notice, constitutes the best notice practicable under the circumstances, constitutes valid, due and sufficient notice to the Class Members in full compliance with the requirements of applicable law, including Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution, and is the only notice to the Class Members of the Settlement Agreement that is required.

14.     The Court approves the form and content of the proposed Cash Election form, substantially in the form attached as Exhibit 8 to the Settlement Agreement, and approves the procedures set forth in the Settlement Agreement for the submission of Cash Elections.

15.     Class List:  Within thirty (30) days following the entry of this Order, McAfee shall obtain from its records and provide to the Settlement Administrator a Class List that includes, for each Class Member: (a) the last known email address that McAfee possesses; (b) the last known

mailing address that McAfee possesses; and (c) whether he or she is a member of the Auto-Renewal Class, the Reference Price Class, or both classes.

16.   <u>Email Notice</u>:  Within forty-five (45) days following the entry of this Order (the "Notice Date"), the Settlement Administrator shall email the applicable Short Form Notice, substantially in the forms attached as Exhibits 2 and 4 to the Settlement Agreement, to each of the Class Members, sent to the email address listed for them in the Class List.  The "sender" title and subject line for the email Short Form Notices shall be as set forth in the Settlement Agreement.

17.   <u>Mailed Notice</u>:  Within ten (10) days after all email Short Form Notices have been sent, for any Class Member for whom the Settlement Administrator receives notice that the email Short Form Notice sent to them was not received (i.e., a "bounce-back"), the Settlement Administrator shall update the mailing address listed for such Class Members in the Class List through the U.S. Postal Service National Change of Address Database, and mail them the applicable Short Form Notice, substantially in the forms attached as Exhibits 3 and 5 to the Settlement Agreement, via first class U.S. mail, in the form of a double-sided postcard, at their mailing addresses as updated.  For any mailed Short Form Notices that are returned with forwarding address information, the Settlement Administrator shall promptly re-mail the appropriate Short Form Notice to the new address indicated.

18.   <u>Settlement Website</u>:  The Settlement Administrator shall establish an Internet website, at the URL www.mcafeewilliamsonsettlement.com ("Settlement Website"), where Class Members can obtain further information about the Settlement and their rights, and, as applicable, submit Cash Elections electronically.  The Settlement Website shall be optimized for display on mobile devices.  The Settlement Website shall be established by the Settlement Administrator and operational by no later than the first date that any Short Form Notices are sent to Class Members, and shall be maintained by the Settlement Administrator until the administration of payments to Cash Payment Electors is completed.  The Settlement Website shall include, and make available for download, the Long Form Class Notice, substantially in the form attached as Exhibit 6 to the Settlement Agreement, and shall also include a printable and downloadable hard-copy Cash

Election form that can be submitted via mail, and downloadable copies of: the Settlement Agreement, the operative complaints in the *Williamson* Case and the *Kirby* Case, this Order, and, after it is filed, Class Counsel's application for attorneys' fees and costs and for Named Plaintiff service awards, and any other pleadings or case documents that the Parties mutually agree should be included or as directed by the Court. The Settlement Website shall include an appropriate mechanism for Class Members to update their contact information.

19. <u>Toll-Free Number</u>: The Settlement Administrator shall establish a toll-free telephone number ("Toll-Free Number") that Class Members can call if they have questions about the Settlement. The Toll-Free Number shall be established by the Settlement Administrator and operational by no later than the first date that any Short Form Notices are sent to Class Members, and shall be maintained by the Settlement Administrator until the administration of payments to Cash Payment Electors is completed. The Toll-Free Number shall be provided on the Settlement Website and in the Short-Form Notices and the Long Form Class Notice.

20. No later than seven (7) days before the Final Fairness Hearing, the Settlement Administrator shall file an affidavit confirming its implementation of the Notice Program.

21. Class Members in the Auto-Renewal Class shall have the option of submitting Cash Election forms online via the Settlement Website or by mail. Cash Election forms submitted online must be submitted by no later than seventy (70) days after the Notice Date (the "Cash Election Deadline"). Cash Election forms submitted by mail must be postmarked no later than the Cash Election Deadline.

22. Any Class Member who wishes to be excluded from the Auto-Renewal Class, the Reference Price Class, or both classes, must send a written request for exclusion, addressed to the Settlement Administrator at the address listed in the Long Form Class Notice, postmarked no later than forty-five (45) days after the Notice Date (the "Opt-Out Deadline"), and must include: (i) the case name (*Williamson/Kirby v. McAfee, Inc.*); (ii) their name, address, and telephone number;

(iii) a clear statement that they want to opt-out the Auto-Renewal Class, the Reference Price Class, or both classes;[1] and (iv) their own signature.

23.     Class Members in the Auto-Renewal Class who do not timely and validly exclude themselves from the Auto-Renewal Class, by written notice correctly directed and containing the requisite information as set forth above, shall remain Class Members of the Auto-Renewal Class, and shall be bound by any order(s) of the Court regarding the Auto-Renewal Class and the Settlement as it relates to the Auto-Renewal Class.

24.     Class Members in the Reference Price Class who do not timely and validly exclude themselves from the Reference Price Class, by written notice correctly directed and containing the requisite information as set forth above, shall remain Class Members of the Reference Price Class, and shall be bound by any order(s) of the Court regarding the Reference Price Class and the Settlement as it relates to the Reference Price Class.

25.     The Settlement Administrator shall promptly provide copies of any received requests for exclusion to Class Counsel and counsel for McAfee. By no later than seven (7) days before the Final Fairness Hearing, the Settlement Administrator shall file with the Court final lists of individuals who have timely and validly opted out of the Auto-Renewal Class and the Reference Price Class.

26.     Any Class Member may object to the Settlement (except to the extent that the Settlement relates only to a class in which the Class Member in question is not included based on the class definitions herein or from which the Class Member in question has timely and validly requested exclusion), Class Counsel's application for attorneys' fees and costs, and/or the request for Named Plaintiff service awards. To be considered, an objection must be in writing, must be filed with or mailed to the Court, and mailed to Class Counsel and McAfee's counsel, at the

---

[1] Class Members who are in both the Auto-Renewal Class and the Reference Price Class who indicate in a timely and otherwise valid request for exclusion that they wish to opt-out of "the class," "the case," "the settlement," or who use other similar language that makes clear their intent to opt-out but does not specify whether their intent is to opt-out of one class or both classes, shall be treated as having opted-out of both the Auto-Renewal Class and the Reference Price Class.

addresses listed in the Long Form Class Notice, postmarked no later than forty-five (45) days after the Notice Date (the "Objection Deadline"), and must include the following: (i) the case caption; (ii) the name, address, and telephone number of the person objecting; (iii) the basis upon which the objector claims to be a Class Member; (iv) all grounds for the objection, accompanied by any legal and factual support; (v) whether the objector is represented by counsel, and if so the identity of such counsel; (vi) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; (vii) the identity of any counsel who will appear at the Final Fairness Hearing on the objector's behalf; (viii) a list of any witnesses who may be called to testify at the Final Fairness Hearing, whether in person, by deposition, or affidavit; (ix) a list of any exhibits, and copies of same, which the objector may offer at the Final Fairness Hearing; and (x) the objector's signature.

27.     No Class Member may contest the approval of the terms and conditions of the Settlement Agreement, the Final Judgment and Order, any request for or award of attorneys' fees and costs to Class Counsel, or any request for or award of Named Plaintiff service awards, except by filing and serving a written objection in accordance with the provisions set forth above.  Any Class Member who fails to object in the manner prescribed above, shall be deemed to have waived, and shall be foreclosed forever from raising, objections to the Settlement Agreement, Class Counsel's application for attorneys' fees and costs, and any application for Named Plaintiff service awards.

28.     The Court directs that the Final Fairness Hearing be scheduled for _____ __, 2016, at _:__ _.m., to assist the Court in determining whether the Settlement Agreement should be finally approved as fair, reasonable and adequate to the Class Members; whether the Final Order and Judgment should be entered; whether Class Counsel's application for attorneys' fees and costs should be approved; and whether any request for service awards for the Named Plaintiffs should be approved.

29.     By no later than fifteen (15) days after the Notice Date, Class Counsel shall file with the Court a motion for Final Judgment and Order.  By no later than fifteen (15) days after the

Notice Date, Class Counsel shall file their application for attorneys' fees and costs and for any service awards for the Named Plaintiffs. McAfee shall have thirty (30) days to respond to the application if it chooses to do so. After they are filed, Class Counsel's application for attorneys' fees, costs, and Named Plaintiff service awards and any response by McAfee shall be posted on the Settlement Website.

30.     By no later than fourteen (14) days prior to the Final Fairness Hearing, the Parties shall file any responses to any objections, and any replies in support of the motion for Final Judgment and Order and/or Class Counsel's application for attorneys' fees, costs, and Named Plaintiff service awards.

31.     The Court reserves the right to modify the date of the Final Fairness Hearing and related deadlines set forth herein. In the event the Final Fairness Hearing is moved, the new date and time shall be posted on the Settlement Website.

32.     This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order, if: (a) the Settlement Agreement is not finally approved by the Court; (b) the Settlement is terminated in accordance with the terms of the Settlement Agreement; or (c) the Settlement does not become effective pursuant to the terms of the Settlement Agreement for any other reason. In such event, the Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders relating to the Settlement Agreement, including this Order, shall be used for any purpose.

33.     If the Settlement does not become final and effective pursuant to the terms of the Settlement Agreement, this Order shall have no force or effect, and shall not be construed or used as an admission, concession, or declaration by or against McAfee of any fault, wrongdoing, breach, or liability, or be construed or used as an admission, concession, or declaration by or against any of the Named Plaintiffs or Class Members that their claims lack merit or that the relief

requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have in this Litigation or in any other lawsuit.

34. Pending the final determination of whether the Settlement Agreement should be approved, all proceedings in this Litigation, except as may be necessary to implement the Settlement Agreement or comply with the terms of the Settlement Agreement, are hereby stayed.

35. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement Agreement that are not inconsistent with this Order.

36. The following chart summarizes the dates and deadlines set by this Order:

| | |
|---|---|
| Last day for McAfee to provide the Class List to the Settlement Administrator | **[30 days after entry of Preliminary Approval Order]** |
| Notice Date | **[45 days after entry of Preliminary Approval Order]** |
| Last day for: (a) Class Counsel to file motion for entry of Final Judgment and Order; and (b) Class Counsel to file their application for attorneys' fees, costs, and Named Plaintiff service awards, with a response, if any, by McAfee due within thirty (30) days thereafter | **[15 days after Notice Date]** |
| Opt-Out Deadline | **[45 days after Notice Date]** |
| Objection Deadline | **[45 days after Notice Date]** |
| Cash Election Deadline | **[70 days after Notice Date]** |
| Last day for the Parties to file any responses to objections, and any reply papers in support of motion for entry of Final Judgment and Order and/or Class Counsel's application for attorneys' fees, costs, and Named Plaintiff service awards | **[14 days before Final Fairness Hearing]** |
| Final Fairness Hearing | **_____ __, 2016 at _:__ _.m.** |

IT IS SO ORDERED.

Dated: _____, 2016

_____
EDWARD J. DAVILA
United States District Judge

EXHIBIT 2

Exhibit 2 (Email Short Form Notice # 1)

Your Personal ID # is _____

## Class Action Settlement Notice

**If you bought McAfee or Intel Security software between January 10, 2010 and February 10, 2015, you may be entitled to benefits from a class action settlement.**

**You must file a Cash Election Form to receive a cash payment.**
**To file a Cash Election Form, click here.**

Read this notice carefully, as it affects your rights.
For more information, visit www.mcafeewilliamsonsettlement.com or call [Toll-Free #]

**WHAT IS THIS CASE ABOUT?** Two consumers filed class action lawsuits saying that McAfee engaged in certain unfair practices about auto-renewal charges and the advertising of discounts and reference prices. McAfee denies that it did anything wrong. The settlement is not an admission of wrongdoing.

**WHO IS INCLUDED?** You are in the "Auto-Renewal Class" if you are in the United States and you: (1) were charged by McAfee for the auto-renewal of any McAfee or Intel Security software from January 10, 2010 to February 10, 2015; (2) your first auto-renewal charge was at a higher price than the price you paid McAfee for your initial software subscription; and (3) that auto-renewal charge was not fully refunded to you by McAfee or fully credited to you on your credit or debit card.

You are in the "Reference Price Class" if you are in the United States and: (1) you purchased from McAfee or manually renewed through McAfee a subscription for any McAfee or Intel Security software from January 10, 2010 to February 10, 2015, and (2) you paid a discounted price for that purchase or manual renewal.

**If you received this notice, you have been identified as being in [the Auto-Renewal Class] [both the Auto-Renewal Class and the Reference Price Class], based on McAfee's records.**

**WHAT DOES THE SETTLEMENT PROVIDE?** McAfee has agreed to provide an $11.50 settlement benefit to all class members in the Auto-Renewal Class. You can elect to receive the $11.50 settlement benefit as cash, but **only if you file a Cash Election Form by no later than [DATE]**. Eligible class members who don't file a Cash Election Form will instead receive an $11.50 McAfee value certificate good towards the purchase of McAfee or Intel Security consumer products. In addition, McAfee has agreed to implement certain practice changes concerning auto-renewal transactions and pricing advertisements. For more information, visit www.mcafeewilliamsonsettlement.com.

**HOW DO I RECEIVE A CASH PAYMENT? You must file a Cash Election Form to receive a cash payment.** There are two ways to file a Cash Election Form: (1) File online, at www.mcafeewilliamsonsettlement.com; or (2) Print a Cash Election Form, available at www.mcafeewilliamsonsettlement.com, fill it out, and mail it (with postage) to the address listed on the Cash Election Form. **Cash Election Forms must be filed online or postmarked by [DATE].** If you file online, you can choose to receive the cash payment as a check or as a direct credit to your PayPal account. For Cash Election Forms filed by mail, cash payments will be made by check. Only eligible class members will receive payments.

**YOUR OTHER OPTIONS.** If you don't want to receive a cash payment or other settlement benefits and don't want to be bound by the settlement and any judgment in this case, you must send a written request to exclude yourself from one or both classes, postmarked no later than **[DATE]**. If you exclude yourself, you will not receive benefits from the settlement. If you don't exclude yourself, you will give up the right to sue McAfee and related entities about any of the issues related to this case. If you don't exclude yourself, you may object to the settlement or to the request for fees and costs by Class Counsel. The detailed class notice, available at www.mcafeewilliamsonsettlement.com, explains how to exclude yourself or object. The Court will hold a hearing in the case (*Williamson v. McAfee, Inc.*, Case No. 14 cv 158 EJD; *Kirby v. McAfee, Inc.*, Case No. 14 cv 2475 EJD) on **[DATE] at [TIME]**, to consider whether to approve: (1) the settlement; (2) attorneys' fees and costs of up to $2,400,000 for Class Counsel, to be paid by McAfee in addition to the benefits provided to class members; and (3) service awards of $1,250 each for the two class representatives in this case. You may appear at the hearing, but you don't have to. The Court has appointed attorneys (called "Class Counsel") to represent the class members. These attorneys are listed in the detailed class notice. You may hire your own attorney to appear for you, but if you do so, it will be at your own expense.

**WHERE CAN I GET MORE INFORMATION?** For more information, visit www.mcafeewilliamsonsettlement.com or call [TOLL-FREE #].

Comment [RNH1]: Hyperlink

Comment [RNH2]: Hyperlink

Comment [RNH3]: Hyperlink

Exhibit 2 (Email Short Form Notice # 1)

*A federal court authorized this notice.  This isn't a solicitation from a lawyer.  You aren't being sued.*

www.mcaleewilliamsonsettlement.com                    1-XXX-XXX-XXXX

# EXHIBIT 3

Exhibit 3 (Postcard Short Form Notice # 1)

Your Personal ID # is _____

# Class Action Settlement Notice

## If you bought McAfee or Intel Security software between January 10, 2010 and February 10, 2015, you may be entitled to benefits from a class action settlement.

### You must file a Cash Election Form to receive a cash payment.
### To file a Cash Election Form, visit www.mcafeewilliamsonsettlement.com

Read this notice carefully, as it affects your rights.
For more information, visit www.mcafeewilliamsonsettlement.com or call [Toll-Free #]

**WHAT IS THIS CASE ABOUT?** Two consumers filed class action lawsuits saying that McAfee engaged in certain unfair practices about auto-renewal charges and the advertising of discounts and reference prices. McAfee denies that it did anything wrong. The settlement is not an admission of wrongdoing.

**WHO IS INCLUDED?** You are in the "Auto-Renewal Class" if you are in the United States and you: (1) were charged by McAfee for the auto-renewal of any McAfee or Intel Security software from January 10, 2010 to February 10, 2015; (2) your first auto-renewal charge was at a higher price than the price you paid McAfee for your initial software subscription; and (3) that auto-renewal charge was not fully refunded to you by McAfee or fully credited to you on your credit or debit card.

You are in the "Reference Price Class" if you are in the United States and: (1) you purchased from McAfee or manually renewed through McAfee a subscription for any McAfee or Intel Security software from January 10, 2010 to February 10, 2015, and (2) you paid a discounted price for that purchase or manual renewal.

**If you received this notice, you have been identified as being in [the Auto-Renewal Class] [both the Auto-Renewal Class and the Reference Price Class], based on McAfee's records.**

**WHAT DOES THE SETTLEMENT PROVIDE?** McAfee has agreed to provide an $11.50 settlement benefit to all class members in the Auto-Renewal Class. You can elect to receive the $11.50 settlement benefit as cash, but **only if you file a Cash Election Form by no later than [DATE]**. Eligible class members who don't file a Cash Election Form will instead receive an $11.50 McAfee value certificate good towards the purchase of McAfee or Intel Security consumer products. In addition, McAfee has agreed to implement certain practice changes concerning auto-renewal transactions and pricing advertisements. For more information, visit www.mcafeewilliamsonsettlement.com.

**HOW DO I RECEIVE A CASH PAYMENT? You must file a Cash Election Form to receive a cash payment**. There are two ways to file a Cash Election Form: (1) File online, at www.mcafeewilliamsonsettlement.com; or (2) Print a Cash Election Form, available at www.mcafeewilliamsonsettlement.com, fill it out, and mail it (with postage) to the address listed on the Cash Election Form. **Cash Election Forms must be filed online or postmarked by [DATE].** If you file online, you can choose to receive the cash payment as a check or as a direct credit to your PayPal account. For Cash Election Forms filed by mail, cash payments will be made by check. Only eligible class members will receive payments.

**YOUR OTHER OPTIONS.** If you don't want to receive a cash payment or other settlement benefits and don't want to be bound by the settlement and any judgment in this case, you must send a written request to exclude yourself from one or both classes, postmarked no later than **[DATE]**. If you exclude yourself, you will not receive benefits from the settlement. If you don't exclude yourself, you will give up the right to sue McAfee and related entities about any of the issues related to this case. If you don't exclude yourself, you may object to the settlement or to the request for fees and costs by Class Counsel. The detailed class notice, available at www.mcafeewilliamsonsettlement.com, explains how to exclude yourself or object. The Court will hold a hearing in the case (*Williamson v. McAfee, Inc.*, Case No. 14 cv 158 EJD; *Kirby v. McAfee, Inc.*, Case No. 14 cv 2475 EJD) on **[DATE] at [TIME]**, to consider whether to approve: (1) the settlement; (2) attorneys' fees and costs of up to $2,400,000 for Class Counsel, to be paid by McAfee in addition to the benefits provided to class members; and (3) service awards of $1,250 each for the two class representatives in this case. You may appear at the hearing, but you don't have to. The Court has appointed attorneys (called "Class Counsel") to represent the class members. These attorneys are listed in the detailed class notice. You may hire your own attorney to appear for you, but if you do so, it will be at your own expense.

**WHERE CAN I GET MORE INFORMATION?** For more information, visit www.mcafeewilliamsonsettlement.com or call [TOLL-FREE #].

Exhibit 3 (Postcard Short Form Notice # 1)

*A federal court authorized this notice. This isn't a solicitation from a lawyer. You aren't being sued.*

www.meafeewilliamsonsettlement.com          1-XXX-XXX-XXXX

EXHIBIT 4

Exhibit 4 (Email Short Form Notice # 2)

Your Personal ID # is _____

# Class Action Settlement Notice
## If you bought McAfee or Intel Security software between January 10, 2010 and February 10, 2015, you may be part of a class action settlement.

Read this notice carefully, as it affects your rights.
For more information, visit www.mcafeewilliamsonsettlement.com or call [Toll-Free #]

**WHAT IS THIS CASE ABOUT?** Two consumers filed class action lawsuits saying that McAfee engaged in certain unfair practices about auto-renewal charges and the advertising of discounts and reference prices. McAfee denies that it did anything wrong. The settlement is not an admission of wrongdoing.

**WHO IS INCLUDED?** You are in the "Reference Price Class" if you are in the United States and: (1) you purchased from McAfee or manually renewed through McAfee a subscription for any McAfee or Intel Security software from January 10, 2010 to February 10, 2015, and (2) you paid a discounted price for that purchase or manual renewal.

**If you received this notice, you have been identified as being in the Reference Price Class, based on McAfee's records.**

**WHAT DOES THE SETTLEMENT PROVIDE?** McAfee has agreed to implement certain practice changes concerning auto-renewal transactions and pricing advertisements. For more information, visit www.mcafeewilliamsonsettlement.com.

**YOUR OPTIONS.** If you don't want to be bound by the settlement and any judgment in this case, you must send a written request to exclude yourself, postmarked no later than **[DATE]**. If you exclude yourself, you will not receive benefits from the settlement. If you don't exclude yourself, you will give up the right to sue McAfee and related entities about any of the issues related to this case. If you don't exclude yourself, you may object to the settlement or to the request for fees and costs by Class Counsel. The detailed class notice, available at www.mcafeewilliamsonsettlement.com, explains how to exclude yourself or object. The Court will hold a hearing in the case (*Williamson v. McAfee, Inc.*, Case No. 14 cv 158 EJD; *Kirby v. McAfee, Inc.*, Case No. 14 cv 2475 EJD) on **[DATE] at [TIME]**, to consider whether to approve: (1) the settlement; (2) attorneys' fees and costs of up to $2,400,000 for Class Counsel, to be paid by McAfee in addition to the benefits provided to class members; and (3) service awards of $1,250 each for the two class representatives in this case. You may appear at the hearing, but you don't have to. The Court has appointed attorneys (called "Class Counsel") to represent the class members. These attorneys are listed in the detailed class notice. You may hire your own attorney to appear for you, but if you do so, it will be at your own expense.

**WHERE CAN I GET MORE INFORMATION?** For more information, visit www.mcafeewilliamsonsettlement.com or call [TOLL-FREE #].

*A federal court authorized this notice. This isn't a solicitation from a lawyer. You aren't being sued.*

EXHIBIT 5

Exhibit 5 (Postcard Short Form Notice # 2)

Your Personal ID # is _____

# Class Action Settlement Notice

## If you bought McAfee or Intel Security software between January 10, 2010 and February 10, 2015, you may be part of a class action settlement.

Read this notice carefully, as it affects your rights.
For more information, visit www.mcafeewilliamsonsettlement.com or call [Toll-Free #]

**WHAT IS THIS CASE ABOUT?** Two consumers filed class action lawsuits saying that McAfee engaged in certain unfair practices about auto-renewal charges and the advertising of discounts and reference prices. McAfee denies that it did anything wrong. The settlement is not an admission of wrongdoing.

**WHO IS INCLUDED?** You are in the "Reference Price Class" if you are in the United States and: (1) you purchased from McAfee or manually renewed through McAfee a subscription for any McAfee or Intel Security software from January 10, 2010 to February 10, 2015, and (2) you paid a discounted price for that purchase or manual renewal. **If you received this notice, you have been identified as being in the Reference Price Class, based on McAfee's records.**

**WHAT DOES THE SETTLEMENT PROVIDE?** McAfee has agreed to implement certain practice changes concerning auto-renewal transactions and pricing advertisements. For more information, visit www.mcafeewilliamsonsettlement.com.

**YOUR OPTIONS.** If you don't want to be bound by the settlement and any judgment in this case, you must send a written request to exclude yourself, postmarked no later than **[DATE]**. If you exclude yourself, you will not receive benefits from the settlement. If you don't exclude yourself, you will give up the right to sue McAfee and related entities about any of the issues related to this case. If you don't exclude yourself, you may object to the settlement or to the request for fees and costs by Class Counsel. The detailed class notice, available at www.mcafeewilliamsonsettlement.com, explains how to exclude yourself or object. The Court will hold a hearing in the case (*Williamson v. McAfee, Inc.*, Case No. 14 cv 158 EJD; *Kirby v. McAfee, Inc.*, Case No. 14 cv 2475 EJD) on **[DATE] at [TIME]**, to consider whether to approve: (1) the settlement; (2) attorneys' fees and costs of up to $2,400,000 for Class Counsel, to be paid by McAfee in addition to the benefits provided to class members; and (3) service awards of $1,250 each for the two class representatives in this case. You may appear at the hearing, but you don't have to. The Court has appointed attorneys (called "Class Counsel") to represent the class members. These attorneys are listed in the detailed class notice. You may hire your own attorney to appear for you, but if you do so, it will be at your own expense.

**WHERE CAN I GET MORE INFORMATION?** For more information, visit www.mcafeewilliamsonsettlement.com or call [TOLL-FREE #].

*A federal court authorized this notice. This isn't a solicitation from a lawyer. You aren't being sued.*

www.mcafeewilliamsonsettlement.com                    1-XXX-XXX-XXXX

EXHIBIT 6

EXHIBIT 6 (Long Form Class Notice)

# If you bought McAfee or Intel Security software between January 10, 2010 and February 10, 2015, you may be entitled to benefits from a class action settlement.

*A federal court authorized this Notice. This isn't a solicitation from a lawyer and you aren't being sued.*

- A settlement has been reached in two class action lawsuits against McAfee (*Williamson v. McAfee, Inc.*, Case No. 14-cv-158-EJD (N.D. Cal.); *Kirby v. McAfee, Inc.*, Case No. 14-cv-2475-EJD (N.D. Cal.)). The lawsuits, which are referred to in this Notice as the "Litigation," claimed that McAfee engaged in certain unfair practices about auto-renewal charges and the advertising of discounts and reference prices. McAfee denies that it did anything wrong. The settlement is not an admission of wrongdoing.

- This Notice explains the nature of the Litigation, the general terms of the proposed settlement, and your legal rights and obligations.

- The settlement affects two "Classes" of McAfee customers: (1) the "Auto-Renewal Class"; and (2) the "Reference Price Class."

  o The <u>Auto-Renewal Class</u> includes: All persons in the United States who paid McAfee for the automatic renewal of a subscription license for any McAfee software (including software branded under the McAfee or Intel Security names) from January 10, 2010 to February 10, 2015, and whose first auto-renewal charge was at a price greater than the price paid to McAfee for the initial subscription license. The Auto-Renewal Class does not include any person whose charges as described above were fully refunded by McAfee or fully credited through such person's credit or debit card issuer.

  o The <u>Reference Price Class</u> includes: All persons in the United States (1) who initially purchased from McAfee or manually renewed through McAfee a subscription license for any McAfee software (including software branded under the McAfee or Intel Security names) from January 10, 2010 to February 10, 2015, and (2) whose subscription license was initially purchased or manually renewed at a discounted price.

  o Employees of McAfee and its parents and affiliates (including Intel Corporation), counsel for all Parties, the Judge presiding over the Litigation, and Court staff are excluded from the Auto-Renewal Class and the Reference Price Class. Composition of the Auto-Renewal Class and the Reference Price Class are based on McAfee's records.

  o **You may be part of <u>both</u> the Auto-Renewal Class and the Reference Price Class. If you received a notice about this settlement by email or mail, that notice will tell you whether you have been identified, based on McAfee's records, as being in the Auto-Renewal Class, the Reference Price Class, or both Classes. See Question 7 below for more information.**

- As part of the settlement, McAfee has agreed to provide certain benefits to members of the Classes (called the "Class Members").

  - **$11.50 Settlement Benefit**:  Class Members in the Auto-Renewal Class will receive an $11.50 settlement benefit.  You can receive the $11.50 as cash, but only if you file a **Cash Election Form** by **[DATE]**.  Eligible Class Members who don't file a timely Cash Election Form will instead receive an $11.50 McAfee value certificate good towards the purchase of McAfee or Intel Security consumer products.  For more information, see Questions 8 through 11 below.

  - **Practice Changes:**  McAfee has also agreed to implement certain practice changes concerning auto-renewal transactions and pricing advertisements.  For more information, see Question 13 below.

- YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DO NOT ACT.  READ THIS NOTICE CAREFULLY.

| SUMMARY OF YOUR OPTIONS AND LEGAL RIGHTS IN THIS SETTLEMENT | |
|---|---|
| **FILE A CASH ELECTION FORM** | If you are in the Auto-Renewal Class, file a Cash Election Form if you want to receive your $11.50 settlement benefit as cash instead of as a McAfee value certificate.  This is the only way for you to receive a cash payment under the settlement.  You can file a Cash Election Form online at www.mcafeewilliamsonsettlement.com  or you can file a Cash Election Form by mail.  The deadline to file a Cash Election Form is **[DATE]**.   **See Question 10 below.** |
| **DO NOTHING** | If you are in the Auto-Renewal Class and you do nothing, you will receive the $11.50 settlement benefit as a McAfee value certificate.  **See Question 19 below.** |
| **EXCLUDE YOURSELF FROM ONE OR BOTH OF THE CLASSES** | You won't receive settlement benefits to the extent you exclude yourself.  This is the only option that allows you to retain your right to bring any other lawsuit against McAfee and related entities about the issues related to this case.  The postmark deadline to exclude yourself is **[DATE]**.   **See Question 14 below.** |
| **OBJECT TO THE SETTLEMENT** | Write to the Court if you don't like the settlement.  The postmark deadline to send an objection is **[DATE]**.   **See Question 17 below.** |
| **ATTEND THE HEARING** | Ask to speak in Court about the settlement.  The postmark deadline to send a Notice of Intent to Appear at the hearing is **[DATE]**.  **See Question 24 below.** |

- These rights and options, and the deadlines to exercise them, are explained in this Notice.

- The Court in this Litigation still has to decide whether to approve the settlement. All benefits will be provided only after the settlement is approved and any appeals are resolved favorably. Please be patient.

**For more information, read on or visit** [www.mcafeewilliamsonsettlement.com](www.mcafeewilliamsonsettlement.com)

# WHAT THIS NOTICE CONTAINS

**Page**

1.  Why is there a notice?..........................................................................................................1

2.  What are these lawsuits about?..........................................................................................1

3.  How does McAfee respond to the allegations?..................................................................1

4.  Has the Court decided who is right?..................................................................................1

5.  Why is this a class action?................................................................................................1

6.  Why is there a settlement?................................................................................................1

7.  Who is included in the settlement?....................................................................................2

8.  What benefits does the settlement provide?.....................................................................2

9.  Am I eligible for a cash payment?....................................................................................3

10. How do I file a Cash Election Form and what is the deadline?.......................................3

11. If I choose the McAfee value certificate, how will I receive the certificate and how do I use it?..............................................................................................................................4

12. When will cash payments and value certificates be distributed?.....................................4

13. What practice changes are included in the settlement? ...................................................4

14. How do I opt-out of the Classes?.....................................................................................5

15. What am I giving up if I don't opt-out?............................................................................5

16. If I opt-out of the Classes, will I still receive benefits?..................................................6

17. How do I tell the Court if I don't like the settlement?.....................................................6

18. What's the difference between objecting and excluding myself? ....................................7

19. What happens if I do nothing at all?................................................................................7

20. Do I have a lawyer representing me in this case?............................................................7

21. How will Class Counsel be paid? ....................................................................................8

22. When and where will the Court decide whether to approve the settlement?....................8

23. Do I have to attend the hearing? ......................................................................................8

24. May I speak at the hearing? .............................................................................................9

25. How do I get more information?.......................................................................................9

# BASIC INFORMATION

| 1.   Why is there a notice? |
|---|

A Court authorized this notice because you have a right to know about the proposed settlement of these class action lawsuits and about all of your options before the Court decides whether to give final approval to the settlement.  This Notice explains the lawsuits, the settlement, and your legal rights.

The United States District Court for the Northern District of California is overseeing this case. The two class action lawsuits included in the proposed settlement are: (1) *Williamson v. McAfee, Inc.*, Case No. 14-cv-158-EJD (N.D. Cal.); and (2) *Kirby v. McAfee, Inc.*, Case No. 14-cv-2475-EJD (N.D. Cal.) (collectively, the "Litigation").

| 2.   What are these lawsuits about? |
|---|

The lawsuits claim that McAfee violated certain California statutes and common law with regard to its auto-renewal practices and its advertisements of discounts and reference prices.[1]  Plaintiffs sought restitution, injunctive relief, attorneys' fees, and costs.  The "Defendant" in the lawsuits is McAfee, Inc.  The two consumers who filed the lawsuits are called the "Named Plaintiffs." The complaints filed in the lawsuits, available at www.mcafeewilliamsonsettlement.com, contain all of the allegations and claims asserted against McAfee in the lawsuits.

| 3.   How does McAfee respond to the allegations? |
|---|

McAfee denies that it has violated any laws or done anything improper.

| 4.   Has the Court decided who is right? |
|---|

No.  The Court hasn't decided which of the parties, the Named Plaintiffs or McAfee, is right.

| 5.   Why is this a class action? |
|---|

In a class action, one or more people (called "Named Plaintiffs") sue on behalf of people who have similar claims.  All of the people who allegedly have claims similar to the Named Plaintiffs are members of the "class," except for those who exclude themselves.

The Court has determined for settlement purposes only that this Litigation should proceed as a class action, with the Named Plaintiffs serving as "class representatives," and has granted preliminary approval of the proposed settlement, subject to a Final Fairness Hearing.

| 6.   Why is there a settlement? |
|---|

The Court hasn't decided in favor of either the Named Plaintiffs or McAfee.  Instead, both sides agreed to the settlement.  By agreeing to the settlement, the parties avoid the expenses, inconveniences, risks, and interferences with ongoing business operations that are associated with litigation.  The Named Plaintiffs and the attorneys appointed to represent the Class

---

[1] For purpose of this settlement, "reference price" shall mean a higher, former, and non-sale price of McAfee's own product that is used to show the difference between that price and a lower, current, sale price for the same product.

Members (called "Class Counsel") believe that the settlement is in the best interests of those affected.

## WHO IS IN THE SETTLEMENT?

| 7. Who is included in the settlement? |
| --- |

The settlement affects two "Classes" of McAfee customers:

The "<u>Auto-Renewal Class</u>" consists of: All persons in the United States who paid McAfee for the automatic renewal of a subscription license for any McAfee software (including software branded under the McAfee or Intel Security names) from January 10, 2010 to February 10, 2015, and whose first auto-renewal charge was at a price greater than the price paid to McAfee for the initial subscription license. The Auto-Renewal Class does not include any person whose charges as described above were fully refunded by McAfee or fully credited through such person's credit or debit card issuer.

The "<u>Reference Price Class</u>" consists of: All persons in the United States (1) who initially purchased from McAfee or manually renewed through McAfee a subscription license for any McAfee software (including software branded under the McAfee or Intel Security names) from January 10, 2010 to February 10, 2015, and (2) whose subscription license was initially purchased or manually renewed at a discounted price.

Excluded from the Auto-Renewal Class and Reference Price Class are employees of McAfee and its parents and affiliates (including Intel Corporation), counsel for all Parties in the Litigation, the Judge presiding over the Litigation, and Court staff.

**You may be part of <u>both</u> the Auto-Renewal Class and the Reference Price Class.**

**If you received a notice about this settlement by email or mail, the <u>Personal ID #</u> at the top of that notice will tell you whether you have been identified, based on McAfee's records, as being in the Auto-Renewal Class, the Reference Price Class, or both Classes.**

- If your **Personal ID #** starts with **[#]**, you have been identified as being in <u>both</u> the Auto-Renewal Class and the Reference Price Class.

- If your **Personal ID #** starts with **[#]**, you have been identified as being in the Auto-Renewal Class only.

- If your **Personal ID #** starts with **[#]**, you have been identified as being in the Reference Price Class only.

## THE SETTLEMENT'S BENEFITS

| 8. What benefits does the settlement provide? |
| --- |

As part of the settlement, McAfee has agreed to provide certain benefits for Class Members.

- <u>$11.50 Settlement Benefit</u>:

  All Class Members in the Auto-Renewal Class will receive an $11.50 settlement benefit if the settlement is approved and becomes final. You can choose to receive the $11.50 <u>either</u>: (1) as $11.50 in cash; or (2) as an $11.50 McAfee value certificate good towards the purchase of McAfee or Intel Security consumer products. **To receive the $11.50 as**

**cash, you must file a <u>Cash Election Form</u> by no later than [DATE].**  See Question 10 below for instructions on how to file a Cash Election Form.  Eligible Class Members who don't file a Cash Election Form will instead receive an $11.50 McAfee value certificate good towards the purchase of McAfee or Intel Security consumer products.  See Question 11 below for more information about the McAfee value certificates.

- <u>Practice Changes</u>:

    As part of the settlement, McAfee has also agreed to implement certain practice changes concerning auto-renewal transactions and pricing advertisements.  See Question 13 below for more details.

| 9.  Am I eligible for a cash payment? |
| --- |

If you are in the Auto-Renewal Class (see Question 7 above), you are eligible to receive an $11.50 cash payment, but **you must file a Cash Election Form to receive a cash payment**.  Eligible Class Members who don't file a Cash Election Form will instead receive an $11.50 McAfee value certificate good towards the purchase of McAfee or Intel Security consumer products.

If you received a notice about this settlement by email or mail, and the **Personal ID #** at the top of that notice starts with either a **[#]** or a **[#]**, you have been identified as being in the Auto-Renewal Class, and you are eligible to receive a cash payment if you submit a timely Cash Election Form.  See Question 10, below, for instructions on how to file a Cash Election Form.

If you bought McAfee or Intel Security software between January 10, 2010 and February 10, 2015, but are unsure whether you meet the other eligibility criteria, you can file a Cash Election Form and the Settlement Administrator will use the information you provide to confirm your eligibility for a payment.

| 10. How do I file a Cash Election Form and what is the deadline? |
| --- |

You have two options for filing a Cash Election Form:

- <u>Online</u>:  You can file a Cash Election Form online, at www.mcafeewilliamsonsettlement.com.

- <u>By mail</u>:  You can download and print a Cash Election Form by visiting www.mcafeewilliamsonsettlement.com, fill it out, and mail your completed form (with postage) to:  [ADDRESS]

**Cash Election Forms filed online must be filed by [DATE].  Cash Election Forms filed by mail must be postmarked by [DATE].**  Eligible Class Members who don't file online or postmark a Cash Election Form by [DATE], will instead receive an $11.50 McAfee value certificate good towards the purchase of McAfee or Intel Security consumer products.

If you file your Cash Election Form online, you can choose to receive the cash payment as a check or as a direct credit to your PayPal account.  For Cash Election Forms filed by mail, cash payments will be made by check.

**11. If I choose the McAfee value certificate, how will I receive the certificate and how do I use it?**

If the settlement is approved and becomes final, Class Members in the Auto-Renewal Class who did <u>not</u> file a timely Cash Election Form will be sent an $11.50 McAfee value certificate—an electronic code that can be used towards the purchase of McAfee or Intel Security consumer products. The value certificates (i.e., the codes) will be sent by email or mail by the Settlement Administrator.

The value certificates will be valid for 150 days after issuance, must be used in a single purchase, are not redeemable for cash, and cannot be transferred. The value certificates may be applied to any purchase from McAfee of any McAfee or Intel Security consumer products, including McAfee or Intel Security consumer software licenses (including new purchases, manual renewals, or auto-renewals).[2] Class Members who receive value certificates may apply them towards their next McAfee software auto-renewal, regardless of whether such auto-renewal is scheduled to occur before or after the expiration date for the value certificate. The value certificates may be applied to discounted and promotional pricing offered by McAfee, to a minimum price of zero (no cash refund will be available if use of a value certificate would drop a transaction below $0.00).

**12. When will cash payments and value certificates be distributed?**

Cash payments and value certificates will be distributed to eligible Class Members if the Court grants final approval to the settlement and after any appeals are resolved favorably. Please be patient.

**13. What practice changes are included in the settlement?**

As part of the settlement, McAfee has agreed to institute certain practices for at least two years after the settlement receives final approval by the Court.

<u>First</u>, McAfee will include at the point of sale in any sales process involving sales made by McAfee (for clarity, excluding retailers or other third parties, whether or not contractually permitted to sell McAfee software products) at a discount off a reference price and subject to automatic renewal (including for sales made through the McAfee website and through the in-software purchase path), the following or materially similar language: "Your subscription(s) will be automatically renewed at the undiscounted subscription price in effect at the time of renewal.

---

[2] The value certificates will not be usable for purchases through TrueKey (www.truekey.com) or for purchases made through McAfee's in-product payment tool. With respect to the in-product payment tool, for the full duration of the time period in which any value certificates are redeemable, McAfee will either: (a) (i) include language, at the point of sale in the in-product payment tool, notifying customers that if they wish to redeem a value certificate in connection with their purchase, they must make their purchase through a different McAfee purchase channel, and (ii) provide a link that redirects the customer to a different McAfee purchase channel where the product in question is available to that customer for the same price at which it is available to them through the in-product payment tool and where the value certificate can be redeemed; or (b) disable the in-product payment tool entirely.

The subscription price is subject to change." A hyperlink will be provided that links to a webpage that includes the current undiscounted subscription price for the applicable McAfee software or McAfee will display the undiscounted subscription price (labeled the "undiscounted subscription price") for the applicable McAfee software on the point of sale webpage. Substantially similar disclosures will be added to a FAQ or informational page on McAfee's website, to notices sent by McAfee to subscribers in connection with automatic-renewal, and to McAfee's End User License Agreement.

Second, where McAfee itself (for clarity, excluding retailers or other third parties, whether or not contractually permitted to sell McAfee software products) includes a reference price in its promotions, notices, advertisements or at the point-of-sale (including through the McAfee homepage and through the in-software purchase path), for any McAfee software product offered by McAfee to United States consumers: (a) McAfee will use as such reference price only a price at which McAfee has offered that software product on the McAfee homepage to the public for at least 45 days within the preceding calendar quarter; and (b) McAfee will offer that software product on the McAfee homepage to the public at a non-sale price for at least 45 days within the current calendar quarter.

## EXCLUDING YOURSELF FROM THE CLASS

If you don't want to receive settlement benefits, and you want to keep the right to sue McAfee and related entities on your own about the issues related to this Litigation, then you must take steps to exclude yourself from one or both Classes. This is sometimes referred to as "opting out." Read on for further details.

### 14. How do I opt-out of the Classes?

You can exclude yourself (or "opt out") of one or both of the Classes. To exclude yourself, you must send a written request for exclusion to the Settlement Administrator. Your written request for exclusion must include all of the following:

- The name of this Litigation (*Williamson/Kirby v. McAfee, Inc.*);

- Your name, address, and telephone number;

- A clear statement that you wish to opt-out of the Auto-Renewal Class, the Reference Price Class, or both Classes; and

- Your signature.

To be valid, you must mail your request for exclusion, postmarked by **[DATE]**, to:

[Settlement Administrator Address]

### 15. What am I giving up if I don't opt-out?

If you don't exclude yourself, which requires following the process for excluding yourself explained in Question 14, you will be giving up the right to sue McAfee and related entities for any Class Member Released Claims, as defined in the Settlement Agreement (available at www.mcafeewilliamsonsettlement.com). If you are within the Auto-Renewal Class definition

(see Question 7 above), unless you exclude yourself from the Auto-Renewal Class, you will be bound by any orders of the Court regarding the Auto-Renewal Class and by the settlement as it relates to the Auto-Renewal Class. Similarly, if you are within the Reference Price Class definition (see Question 7 above), unless you exclude yourself from the Reference Price Class, you will be bound by any orders of the Court regarding the Reference Price Class and by the settlement as it relates to the Reference Price Class. To the extent you want to maintain the right to sue or continue to sue McAfee or related entities about any issues related to this Litigation, you must exclude yourself from the Auto-Renewal Class, the Reference Price Class, or both Classes. The Settlement Agreement, available at <u>www.mcafeewilliamsonsettlement.com</u>, describes all of the claims you are releasing (giving up) by staying in the Class(es).

| 16. If I opt-out of the Classes, will I still receive benefits? |
| --- |

No. If you opt-out you will not receive settlement benefits.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

| 17. How do I tell the Court if I don't like the settlement? |
| --- |

If you are in one or both of the Classes, and don't exclude yourself, you can object to the settlement or any part thereof (except to the extent the settlement relates only to a Class that you are not a part of), Class Counsel's application for attorneys' fees and costs, and/or the request for service awards for the class representatives. To object, you must send a written letter including the following:

  a. The case caption for this Litigation (*Williamson/Kirby v. McAfee, Inc*, Case Nos. 14-cv-158-EJD, 14-cv-2475-EJD);

  b. Your name, address, and telephone number;

  c. The basis upon which you claim to be a member of the Auto-Renewal Class, the Reference Price Class or both Classes;

  d. All grounds for your objection, accompanied by any legal and factual support;

  e. Whether you are represented by counsel, and if so the identity of such counsel;

  f. A statement confirming whether you intend to personally appear and/or testify at the Final Fairness Hearing;

  g. The identity of any counsel who will appear at the Final Fairness Hearing on your behalf;

  h. A list of any witnesses who you may call to testify at the Final Fairness Hearing, whether in person, by deposition, or affidavit;

  i. A list of any exhibits, and copies of same, which you may offer at the Final Fairness Hearing; and

  j. Your signature.

To be considered by the Court, your objection must be filed or mailed to the Clerk of Court, and mailed to Class Counsel and McAfee's Counsel, filed/postmarked no later than **[DATE]**, at the following addresses:

| CLERK OF COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court USDC, Northern District of California 280 South 1st Street, Room 2112, San Jose, CA 95113 | Roger N. Heller, Esq. Lieff Cabraser Heimann & Bernstein LLP 275 Battery Street, 29th Floor San Francisco, CA 94111 | Eli Schlam, Esq. Williams & Connolly LLP 725 12th Street, N.W. Washington, D.C. 20005 |

If you don't send a timely or complete written objection, you will waive all objections to the settlement, and won't be allowed to object to the settlement at the Final Fairness Hearing or otherwise.

### 18. What's the difference between objecting and excluding myself?

Objecting is telling the Court that you don't like something about the settlement, Class Counsel's request for attorneys' fees and costs, and/or the request for service awards for the class representatives. Excluding yourself is telling the Court that you don't want to be part of the settlement. If you exclude yourself from the Classes, you cannot object to the settlement.


## IF YOU DO NOTHING

### 19. What happens if I do nothing at all?

If you do nothing, and you are in the Auto-Renewal Class, you will be sent an $11.50 McAfee value certificate; you will not receive a cash payment. See Questions 10-11 above. If you do nothing, you will be giving up your right to sue McAfee and related entities for any issues related to this Litigation. See Question 15 above.

## THE LAWYERS REPRESENTING YOU

### 20. Do I have a lawyer representing me in this case?

Yes. The Court has appointed lawyers to represent the Auto-Renewal Class and Reference Price Class. They are called "Class Counsel." You won't be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense. The lawyers appointed as Class Counsel are:


Michael W. Sobol
Roger N. Heller
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111

Daniel M. Hattis
Hattis Law
P.O. Box 1645
Bellevue, WA 98009

Tina Wolfson
Robert Ahdoot
Ahdoot & Wolfson, P.C.
1016 Palm Avenue
West Hollywood , California 90069

The Court has also appointed Named Plaintiffs Sam Williamson and Samantha Kirby as "class representatives" to represent the Auto-Renewal Class and Reference Price Class in this Litigation.

## 21. How will Class Counsel be paid?

Class Counsel intends to ask the Court to award attorneys' fees and reimbursement of costs in the total amount of $2,400,000.  Class Counsel also intends to ask the Court to award service awards of $1,250 each to the two class representatives, to compensate them for their time and efforts on behalf of the Classes in this Litigation.

The Court will determine the amount of attorneys' fees, costs, and service awards to award.  Any attorneys' fees, costs and service awards awarded by the Court will be paid by McAfee in addition to (that is, on top of) the benefits provided to Class Members under the settlement, and thus won't reduce the benefits provided to Class Members under the settlement.

Class Counsel's application for attorneys' fees, costs, and service awards will be available at www.mcafeewilliamsonsettlement.com after it is filed.

## THE COURT'S FINAL FAIRNESS HEARING

The Court will hold a hearing (the "Final Fairness Hearing") to decide whether to approve the settlement and the request for attorneys' fees, costs and service awards.  You may attend the Final Fairness Hearing, but you don't have to.

## 22. When and where will the Court decide whether to approve the settlement?

The Court will hold the Final Fairness Hearing at __:__ a.m./p.m. on _____, 201_, at the United States District Court for the Northern District of California, 280 South 1st Street, 5th Floor, Courtroom 4, San Jose, CA 95113.  The hearing may be moved to a different date, time, or location without notice, so check for updates at www.mcafeewilliamsonsettlement.com.  At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate.  The Court will also consider Class Counsel's application for attorneys' fees and costs and for service awards for the class representatives.  If there are objections, the Court will consider them at the hearing.  After the hearing, the Court will decide whether to approve the settlement.  We don't know how long the decision will take.

## 23. Do I have to attend the hearing?

No.  You don't have to attend the Final Fairness Hearing.  Class Counsel will answer any questions the Court may have.  If you or your personal attorney would like to attend the Final Fairness Hearing, you are welcome to do so at your expense.  If you send a written objection, you don't have to come to Court to talk about it.  As long as you send your written objection on

time, to the proper addresses, and it complies with the requirements set forth above, the Court will consider it.

| 24. May I speak at the hearing? |

You may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must send a written Notice of Intent to Appear. Your Notice of Intent to Appear must include the following:

- Your full name, address and telephone number;

- A statement that you intend to appear at the Final Fairness Hearing in *Williamson/Kirby v. McAfee, Inc.* Case Nos. 14-cv-158-EJD, 14-cv-2475-EJD;

- The name of any counsel who will be appearing on your behalf;

- Copies of any papers, exhibits, or other evidence or information that is to be presented to the Court at the Final Fairness Hearing; and

- Your signature.

Your Notice of Intent to Appear must be filed or mailed to the Clerk of the Court, and mailed to Class Counsel and McAfee's Counsel, at the addresses listed in Question 17 above, filed/postmarked no later than **[DATE]**.

## GETTING MORE INFORMATION

| 25. How do I get more information? |

This Notice summarizes the proposed settlement and your rights. You can find more details in the Settlement Agreement. You can get a copy of the Settlement Agreement, read other key case documents, and get more information, at www.mcafeewilliamsonsettlement.com. You can also call [TOLL-FREE NUMBER] for more information. **DO NOT CONTACT THE COURT**.

EXHIBIT 7

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAM WILLIAMSON, individually and on behalf of all others similarly situated, | Case No. 5:14-cv-02475-EJD |
| Plaintiff, | **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT** |
| v. | |
| MCAFEE, INC., | Honorable Edward J. Davila |
| Defendant. | |
| SAMANTHA KIRBY, individually and on behalf of all others similarly situated, | Case No.  5:14-cv-02475-EJD |
| Plaintiff, | |
| v. | |
| MCAFEE, INC., | |
| Defendant. | |

This matter came before the Court for hearing pursuant to the Court's Preliminary Approval Order dated _____, 2016 (Dkt. No. __), and on the motion for final approval of the Class Action Settlement Agreement and Release, dated _____ __, 2016 (the "Settlement Agreement"), entered into by the Parties to settle and finally resolve the above-captioned actions (collectively, the "Litigation"), as well as Class Counsel's motion for an award of attorneys' fees and costs and for Named Plaintiff service awards. Due and adequate notice having been given to the Class Members of the proposed Settlement Agreement and the pending motions, as directed by the Preliminary Approval Order, and upon consideration of all papers filed and proceedings had herein, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.     Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and has personal jurisdiction over the Parties. Venue is proper in this District.

3.     The "Auto-Renewal Class," for purposes of this Order, shall mean:

All persons in the United States who paid McAfee for the automatic renewal of a subscription license for any McAfee software (including software branded under the "McAfee" or "Intel Security" name) from January 10, 2010 to February 10, 2015, and whose first auto-renewal charge was at a price greater than the price paid to McAfee for the initial subscription license. The Auto-Renewal Class shall not include any person whose charges as described above were fully refunded by McAfee or fully charged back through such person's credit or debit card issuer.

4.     The "Reference Price Class," for purposes of this Order, shall mean:

All persons in the United States (1) who initially purchased from McAfee or manually renewed through McAfee a subscription license for any McAfee software (including software branded under the "McAfee" or "Intel Security" name) from January 10, 2010 to February 10, 2015, and (2) whose subscription license was initially purchased or manually renewed at a discounted price.

5.     Excluded from the Auto-Renewal Class are those persons listed on Schedule 1 hereto. The persons listed on Schedule 1 hereto submitted timely and valid requests to be excluded from the Auto-Renewal Class, according to the Settlement Administrator's records, and are accordingly hereby excluded from the Auto-Renewal Class and shall not be bound by this

Order or the Final Judgment entered in connection with this Order, or any release provided herein, as they relate to the Auto-Renewal Class.

6. Excluded from the Reference Price Class are those persons listed on Schedule 2 hereto. The persons listed on Schedule 2 hereto submitted timely and valid requests to be excluded from the Reference Price Class, according to the Settlement Administrator's records, and are accordingly hereby excluded from the Reference Price Class and shall not be bound by this Order or the Final Judgment entered in connection with this Order, or any release provided herein, as they relate to the Reference Price Class.

7. Also excluded from the Auto-Renewal Class and Reference Price Class are employees of McAfee and its parents and affiliates (including Intel Corporation), counsel for all Parties, the Judge presiding over the Litigation, and the staff of the Court.

8. The Court finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this matter.

9. The Court finds that the program for disseminating notice to the Class Members provided for in the Settlement Agreement, and previously approved and directed by the Court (hereinafter, the "Notice Program"), has been implemented by the Settlement Administrator and the Parties, and that such Notice Program, including the approved forms of notice, constitutes reasonable and the best notice practicable under the circumstances; constitutes notice reasonably calculated under the circumstances to appraise Class Members of the pendency of the Litigation, the terms of the proposed Settlement Agreement, their right to object to the Settlement, their right to exclude themselves from the Auto-Renewal Class and Reference Price Class, and their right to appear at the Final Fairness Hearing; constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and fully complies with the requirements of applicable law, including Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution.

10. The Court reaffirms that this Litigation is properly maintained as a class action, for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3) and 23(e), and that Class Counsel and the Named Plaintiffs, as class representatives, fairly and adequately

represent the interests of the Class Members.  [Discussion regarding Rule 23 factors; as to this and subsequent paragraphs relating to final approval findings, the parties intend to confer and submit draft findings for the Court's consideration].

11.     The Court finds that the Settlement Agreement, including the exhibits thereto, is fair, reasonable and adequate to the Class Members, has been entered into in good faith, and should be and hereby is fully and finally approved pursuant to Federal Rule of Civil Procedure 23.  The Settlement Agreement represents a fair resolution of all claims asserted on behalf of the Named Plaintiffs and the Class Members in this Litigation, and fully and finally resolves all such claims.  McAfee shall be bound by the Settlement Agreement, including the Release set forth in Section VIII of the Settlement Agreement, which is incorporated by reference herein, and by this Order and the Final Judgment entered in connection with this Order.  The Named Plaintiffs and each Class Member shall be bound by the Settlement Agreement as it relates to the class(es) in which each is a member, including the Release set forth in Section VIII of the Settlement Agreement, which is incorporated by reference herein, and by this Order and the Final Judgment entered in connection with this Order.

12.     [Findings required by *Churchill Village LLC v. General Electric Corp.*, 361 F.3d 566, 575 (9th Cir. 2004).]

13.     [Findings required by *Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011).]

14.     Class Counsel are hereby awarded attorneys' fees and costs in the total amount of $_____.  McAfee shall pay such amount to Class Counsel pursuant to the terms of the Settlement Agreement, separate from and in addition to the other benefits provided to Class Members pursuant to the Settlement Agreement.  [Findings in support of Class Counsel's fee and cost award]

15.     The Court hereby awards service awards of $_____ each, to Named Plaintiffs Sam Williamson and Samantha Kirby, to compensate them for their commitments and efforts on behalf of the Class Members.  McAfee shall pay such amounts pursuant to the terms of the

Settlement Agreement, separate from and in addition to the other benefits provided to Class Members pursuant to the Settlement Agreement. [Findings in support of service awards]

16. [Discussion regarding any objections]. The Court has considered and hereby overrules all objections to the Settlement Agreement.

17. The Parties and Settlement Administrator are hereby directed to implement the Settlement Agreement in accordance with the terms and provisions thereof, including the payment of benefits to Class Members pursuant to the Settlement Agreement.

18. As of the Effective Date, the Named Plaintiff Releasing Parties shall be deemed to have, and by operation of this Order and the Final Judgment entered in connection with this Order shall have, fully and irrevocably released and forever discharged the McAfee Released Parties from all Named Plaintiff Released Claims, as more fully set forth in, and in accordance with, Section VIII of the Settlement Agreement.

19. As of the Effective Date, the McAfee Released Parties shall be deemed to have, and by operation of this Order and the Final Judgment entered in connection with this Order shall have, fully and irrevocably released and forever discharged all Claims they may have against the Named Plaintiffs, as more fully set forth in, and in accordance with, Section VIII of the Settlement Agreement.

20. As of the Effective Date, the Class Members shall be deemed to have, and by operation of this Order and the Final Judgment entered in connection with this Order shall have, fully and irrevocably released and forever discharged the McAfee Released Parties from all Class Member Released Claims, as more fully set forth in, and in accordance with, Section VIII of the Settlement Agreement.

21. As of the Effective Date, the Named Plaintiffs and, by operation of law, each Class Member shall be deemed to have waived and released any and all provisions, rights and benefits conferred by Section 1542 of the California Civil Code or similar laws of any other state or jurisdiction.

22. The Court hereby dismisses the two above-captioned cases with prejudice, and without fees or costs except as provided in the Settlement Agreement and this Order. The Named Plaintiffs are hereby permanently barred and enjoined from commencing, pursuing, maintaining, or prosecuting any Named Plaintiff Released Claims in any judicial, administrative, arbitral or other forum, against any of the McAfee Released Parties. The Class Members are hereby permanently barred and enjoined from commencing, pursuing, maintaining, or prosecuting any Class Member Released Claims in any judicial, administrative, arbitral or other forum, against any of the McAfee Released Parties, provided that this injunction shall not apply to the claims of any Class Members to the extent they have timely and validly requested to be excluded from the Auto-Renewal Class or the Reference Price Class, in which case this injunction shall not apply as to claims related to the Class or Classes from which the Class Member has been excluded. The permanent bar and injunctions provided by this paragraph are necessary to protect and effectuate the Settlement Agreement, this Order and the Final Judgment entered in connection with this Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

23. Nothing in this Order or the Final Judgment entered in connection with this Order shall preclude any action to enforce the terms of the Settlement Agreement.

24. Without affecting the finality of this Order or the Final Judgment entered in connection with this Order in any way, the Court hereby retains continuing jurisdiction over: (a) all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement; (b) further proceedings, if necessary, on Class Counsel's application for attorneys' fees and costs and/or the request for Named Plaintiff service awards; and (c) the Parties, Class Counsel and Class Members for the purpose of administering, supervising, construing and enforcing this Order and the Settlement Agreement in accordance with its terms.

25. Neither this Order (nor the Final Judgment entered in connection with this Order), the Settlement Agreement, nor any action taken to carry out this Order or the Final Judgment

entered in connection with this Order shall be construed as or used as an admission or concession by or against McAfee or the McAfee Released Parties of the validity of any claim or defense or any actual or potential fault, wrongdoing, or liability whatsoever.

26.     Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and to make other non-material modifications, in implementing the Settlement Agreement, that are not inconsistent with this Order.

27.     The Clerk shall enter Final Judgment, consistent with this Order, forthwith.

IT IS SO ORDERED.

Dated:  _____, 2016                    _____
                                                  EDWARD J. DAVILA
                                                  United States District Judge

# EXHIBIT 8

# Cash Election Form

To receive the $11.50 Settlement Benefit in *Williamson v. McAfee Inc. and Kirby v. McAfee Inc.* as cash, file this Cash Election Form.  You have two options for filing the Form:

(1) <u>File Online</u>.  File online at <u>www.mcafeewilliamsonsettlement.com</u>; or

(2) <u>File by Mail</u>:  Fill out this form and mail it to:  [ADDRESS].

Eligible class members who don't file a Cash Election Form will instead receive an $11.50 McAfee value certificate good towards the purchase of McAfee or Intel Security consumer products.  You <u>must</u> file a Cash Election Form to receive a cash payment instead of a McAfee value certificate.

If you file your Cash Election Form online, you can choose to receive the payment as a check or as a direct credit to your PayPal account.  For Cash Election Forms filed by mail, payments will be made only by check.

## <u>IMPORTANT:  THE DEADLINE TO FILE YOUR CASH ELECTION FORM IS [DATE].</u>

Personal ID # ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐

(You can find this number on the top of the settlement notice you received.  If you no longer have the notice, and need your Personal ID Number, email the Administrator at: [EMAIL ADDRESS].

Your Name _____

Street Address _____

City _____ State _____ ZIP _____

Email Address: _____

Check the box below in order to receive a cash payment.   The Administrator will confirm your eligibility.

☐  I want to receive the $11.50 Settlement Benefit as cash, instead of receiving an $11.50 McAfee value certificate. **(check box)**

_____          _____
**Your Signature**                                     **Date**